BREITENSTEIN, Circuit Judge.
 

 After examining the briefs and the appellate record, this three-judge panel has de
 
 *882
 
 termined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is thereby submitted without oral argument.
 

 In this diversity action Otoe County National Bank, Otoe, a Nebraska resident, sued W & P Trucking, Inc., W & P, an Oklahoma resident, under a security agreement containing nineteen leases of trucks and their equipment. By the terms of the leases W & P was required to pay to Otoe a rental over a 48-month period. The payment was guaranteed by Cramer and two others, all Oklahoma residents. A default judgment was entered against Cramer. His motion to vacate the default was denied and he appeals. We affirm and remand with directions.
 

 On or about May 26, 1982, W & P executed nineteen leases on trucks and their equipment to Otoe. Cramer, Charles E. Froelich, and William J. Froelich, Jr., each guaranteed payment of $1,217,720.00 to Otoe. W & P failed to make the monthly rental payments. On April 28, 1983, Otoe filed suit against W & P, Cramer, and the two Froelichs.
 

 Cramer does not contest that he was validly served with summons and complaint on May 4, 1983, and given twenty days in which to answer. On May 9, 1983, W & P filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On May 11, 1983 at the hearing on Oteo’s application for pre-judgment re-plevin of the collateral underlying the leases, the trial court ordered, R. 194:
 

 “NOW, on this 11th day of May, 1983, comes on for hearing the Application of Plaintiff for this Court’s Order for Prejudgment Delivery of the personal property described in Plaintiff’s Complaint. Plaintiff appeared by and through its attorneys, Sparks, Liles & Stake, P.C., and the Court was duly advised by said attorneys that the Defendant, W & P Trucking, Inc., has filed its Voluntary Petition in Bankruptcy under Chapter 11 of Title 11 of the United States Code.
 

 The Court finds that pursuant to the automatic stay provisions of 11 U.S.C. § 362(a) further action on behalf of Plaintiff is stayed until further notice.
 

 IT IS THEREFORE ORDERED that this matter be held in abeyance until further [sic] of the Court.”
 

 On June 24, 1983, Otoe filed a motion for default judgment against the Froelichs and Cramer for failure to answer the complaint. On June 27, 1983, the trial court granted Otoe’s motion for default judgment and awarded Otoe $1,217,720.00 plus $36,000.00 in attorney’s fees and interest against Cramer and the Froelichs, R. 203.
 

 On October 12, 1983, Otoe applied for an Asset Hearing Order and on November 17, 1983, Cramer was required to appear in court and show cause why he should not be required to pay the judgment entered against him. On December 12,1983, Cram-er moved to vacate the default judgment pursuant to Fed.R.Civ.P. 60(b). His motion was denied on January 12, 1984. R. 313-321. Cramer now appeals.
 

 Cramer argues that the May 11, 1983, order stayed Otoe from further action against any defendant, not just W & P. He bases his argument on the failure of the order to specify to which of the four defendants it applied and the phrase holding the matter in abeyance. He also argues that the automatic stay should be interpreted to extend to guarantors of a bankruptcy debtor.
 

 Section 362(a) provides:
 

 “Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay applicable to all entities, of — (1) the commencement or continuation, including the issuance or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding
 
 against the debtor
 
 that was or could have commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the
 
 *883
 
 commencement of the case under this title_” (Emphasis supplied.)
 

 Section 362(a) automatically stays proceedings against the debtor only and not co-debtors.
 
 Williford v. Armstrong World Industries, Inc.,
 
 4 Cir., 715 F.2d 124, 126-127;
 
 Wedgeworth v. Fibreboard Corp.,
 
 5 Cir., 706 F.2d 541, 544. The May 11, 1983, order stayed proceedings against W & P only and not against Cramer. Cramer’s reliance on
 
 In Re: Johns-Manville Corp.,
 
 7 C.B.C.2d 1042, 26 B.R. 420 is misplaced. In that case a debtor was granted an automatic stay under § 362(a). Johns-Manville sought to extend the stay under 11 U.S.C. § 105 to preclude all suits against Manville’s employees, agents and related entities. Neither W & P nor Cram-er sought relief under § 105 in this case.
 

 Cramer argues that the default judgment should be set aside because he was not given written notice of the application for default judgment as required by Fed.R. Civ.P. 55(b)(2), which provides:
 

 “If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.”
 

 We agree with the trial court that there was no appearance made by the defendant or anyone acting in his behalf and, consequently, notice was not required.
 

 Cramer says that his failure to answer the complaint was due to mistake, inadver-tance, or excusable neglect and, hence, he was entitled to relief under Rule 60(b). He argues that it was his understanding, and that of his attorneys, Eugene Pieper and Douglas Quinn, both of whom were associated with Robert Bailey, an attorney for W & P, that the May 11, 1983 order stayed further proceedings against him. Accordingly, he argues that his failure to answer was the result of mistake, inadvertence, or excusable neglect.
 

 In
 
 Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.,
 
 10 Cir., 715 F.2d 1442, 1445, we said:
 

 “The guidelines governing a district court’s consideration of a Rule 60(b)(1) motion, and any ensuing appeal, are well established. The rule requires that a movant demonstrate mistake, inadvertence, surprise, or excusable neglect. In addition, to avoid frivolous litigation in default judgment cases, ‘courts have established the further requirement that a movant demonstrate the existence of a meritorious defense.’ ” (Citation omitted.)
 

 On appeal the trial court is vested with a great deal of discretion in determining whether to grant or deny a Rule 60(b)(1) motion and that determination will not be overturned absent abuse. Id. '
 

 The trial court held that Cramer’s failure to file an answer was not the result of mistake, inadvertence, or excusable neglect, but rather was an informed choice based on the advice of his co-defendant’s counsel. R. 318-319. The court found that Cramer was not represented by counsel when the default judgment was entered nor was there any indication that he sought counsel. Cramer argues that he was represented by Pieper and Quinn who were also attorneys for W & P. The record is very sparse. Cramer contends in his affidavit that Pieper and Quinn represented him. Pieper in his affidavit admitted only to representation of W & P. No affidavits were submitted from Quinn or Bailey. Michael Stake, Oteo’s attorney, stated that his communications with Bailey concerned only W & P, and no other defendant in the litigation. R. 306. “[Resolution by a trial court of controverted issues of fact are not to be overturned by an appellate court unless clearly erroneous.”
 
 Globe Construction Co. v. Oklahoma City Housing Authority,
 
 10 Cir., 571 F.2d 1140, 1142, cert. denied 439 U.S. 835, 99 S.Ct. 117, 58 L.Ed.2d 131. The trial court’s finding that Cramer had no attorney is supported by the record and must be accepted on appeal.
 

 
 *884
 
 In
 
 Cessna,
 
 supra, 715 F.2d 1442, we held that the trial court did not abuse its discretion in denying a Rule 60(b) motion to set aside a default judgment where the defendant, a guarantor of a corporation’s debt, made an error of law in concluding that he would not be liable because his co-defendant, the corporation, had filed bankruptcy proceedings and where the guarantor did not seek the advice of counsel. The trial court did not abuse its discretion in determining, based on
 
 Cessna
 
 and the cases cited therein, that Cramer’s failure to file an answer was not the result of mistake, inadvertence or excusable neglect.
 

 The trial court held that it need not address the claim of meritorious defenses. R. 316. We need not consider the merits of Cramer’s defenses because we agree with the trial court that Cramer failed to show mistake, inadvertence, or excusable neglect.
 

 We note from the record, Supp.Vol. I, p. 1, that the court has entered an order on February 13, 1984 for the seizure of the leased equipment. The default judgment was for the full amount of the guaranty plus attorney’s fees and interest. On remand the court must make sure that Otoe does not receive a double recovery but has judgment only for the loss which it has sustained.
 

 Affirmed.