30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David WHITE and Adele White, Plaintiffs-Appellants,
v.
Billy CASSEY, also known as Billy Casey, doing business as
Memphis Cars; Richard Brooks and Karla Brooks, doing
business as Cars, Etc.; Evelyn Burns; Jerry Carlile;
William Roger Allen and Charlotte Dale Allen, doing business
as Select Used Cars; Robert Schaeffer Motors, Inc., a
Tennessee corporation, Defendants, and
Everett Allen, doing business as Select Used Cars; Hudiburg
Cars & Trucks, Inc., an Oklahoma corporation,
Defendants-Appellees.
 No. 93-6220.
 United States Court of Appeals, Tenth Circuit.
 July 28, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 David and Adele White appeal from the district court's denial of their motion for relief from judgment under Fed.R.Civ.P. 60(b)(1). They contend that the district court abused its discretion in declining to vacate the no-recovery judgment entered automatically in favor of two defendants (Hudiburg Cars & Trucks, Inc., and Everett Allen) when the Whites filed a late demand for trial de novo following arbitration. See 28 U.S.C. Secs. 654-655; W.D.Okla.R. 43(O)(4). The district court denied the Whites' Rule 60(b) motion because they "failed to establish that they have a meritorious claim against these defendants." Appellant's App. at 76. We affirm the result reached by the district court, holding that regardless of whether the Whites' claims against these two defendants have any possible merit, they have not offered a valid justification under Rule 60(b) for their untimely demand for trial de novo.
 
 
 3
 The Whites filed a complaint against several defendants alleging common law fraud, civil conspiracy, breach of contract, and violations of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. Secs. 1981-1991, claiming that the odometer on their recently purchased used vehicle had been rolled back 50,000 miles. Three defendants confessed judgment and one defaulted; thus, the Whites were awarded treble damages totalling $31,993.47 from defendants William Roger Allen, Jerry Carlile, Richard Brooks, and Karla Brooks. Two defendants, Evelyn Burns and Robert Schaeffer Motors, Inc., received summary judgment in their favor, and two other defendants, Charlotte Dale Allen and Billy Cassey were dismissed from the case by the district court.
 
 
 4
 The two defendants involved in this appeal, Hudiburg Cars & Trucks, Inc. ("Hudiburg"), and Everett Allen (d/b/a Select Used Cars) ("Allen"), appeared with the Whites before an arbitrator, pursuant to 28 U.S.C. Secs. 651-658 and W.D.Okla.R. 43. After a hearing, the arbitrator found in favor of Hudiburg and Allen.
 
 
 5
 Under Local Rule 43, the Whites had the right to demand a trial de novo within thirty days of the filing of the arbitration award. W.D.Okla.R. 43(P)(1); see also 28 U.S.C. Sec. 655. After thirty days, if no such demand was made, the arbitration award would be entered as the judgment of the district court with no right of review. W.D.Okla.R. 43(O)(4); see also 28 U.S.C. Sec. 654(a). The written arbitration award, which was filed on March 10, 1993, stated in bold, capital letters at the bottom: "LAST DAY A DEMAND FOR TRIAL DE NOVO CAN BE FILED IN THIS CASE IS APRIL 9, 1993." Appellee's App. at 49.
 
 
 6
 The Whites missed the April 9 deadline, and on April 12 (the following Monday) the district court entered judgment in favor of Hudiburg and Allen. Appellant's App. at 64. On April 13, the Whites filed a Rule 60(b) motion to vacate the judgment, explaining that "through inadvertence and mistake of [their] counsel" the April 9 deadline had not been "docketed." Id. at 68. The district court denied the motion, relying on its finding that "nothing [in the motion] or in other papers filed in the case is at all persuasive that plaintiffs have a tenable claim against [Hudiburg or Allen]." Id. at 76. It was from the denial of this Rule 60(b) motion that the Whites brought this appeal.[1]
 
 
 7
 We review district court decisions regarding Rule 60(b) motions for abuse of discretion. White v. American Airlines, 915 F.2d 1414, 1425 (10th Cir.1990); Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1145 (10th Cir.1990). Although the district court has substantial discretion to grant relief as justice requires under Rule 60(b), Pelican, 893 F.2d at 1146, such relief "is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir.1990).
 
 
 8
 Rule 60(b)(1) states: "On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ..." Fed.R.Civ.P. 60(b). In the case of default judgments, we have also required 60(b) movants to demonstrate--in addition to one or more of the grounds set forth in the rule itself--that they have a potentially meritorious claim or defense, on the theory that it gives the district court a chance to avoid the useless exercise of vacating an undoubtedly correct judgment. Pelican, 893 F.2d at 1147-48 n. 5; Cessna Finance Corp. v. Bielenberg Masonry Contracting, 715 F.2d 1442, 1445 (10th Cir.1983); In re Stone, 588 F.2d 1316, 1319 (10th Cir.1978); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir.1970); cf. United States v. Timbers Preserve, 999 F.2d 452, 454 (10th Cir.1993) (noting several additional requirements courts have imposed on 60(b) movants, including showing a meritorious claim or defense, lack of culpability for the default, and that the opposing party would not be prejudiced if the motion was granted).
 
 
 9
 Since review of the merits at the 60(b) stage is purely for purposes of judicial efficiency, it need not be done if the movant has not established an otherwise valid basis for relief (i.e., excusable neglect) under Rule 60(b). See Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc., 925 F.2d 226, 230 (7th Cir.1991). And, if review of the merits is undertaken, such review is limited to ascertaining not the truth of the movant's factual allegations, but assuming them to be true, simply whether they state a valid claim or defense. Stone, 588 F.2d at 1319.
 
 
 10
 In this case, the district court essentially passed over the question of whether the Whites had established one of the grounds for relief set forth in Rule 60(b)(1), and decided that their underlying claims against Hudiburg and Allen had no merit. The court said, without explanation, that the Whites had established that their untimely demand for a trial de novo was "inadvertent," Appellant's App. at 76, and then proceeded to the merits.
 
 
 11
 True, the Whites' attorney describes his error in failing to put the filing deadline on his calendar as "inadvertent," and also as a "mistake." Relief under 60(b)(1) for mistake or inadvertence, however, cannot be obtained unless the party makes "some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 2858 at 170 (1973). The Whites have offered no explanation or justification for their late filing other than their attorney's error, which is neither attributed nor attributable to anything but carelessness, especially considering the clarity of notice given with respect to the filing deadline and the harsh consequences of being late (no trial and no right to review), which are stated expressly in Local Rule 43 and the corresponding statute, 28 U.S.C. Sec. 654. See Security Nat'l Bank v. John Deere Co., 927 F.2d 519, 520 & n. 3 (10th Cir.1991) (leaving question open as to whether the time limit in W.D.Okla.R. 43 is jurisdictional, which would render Rule 60(b) unavailable to excuse its violation).
 
 
 12
 Courts, including this one, have repeatedly held that carelessness by litigants or their counsel is inconsistent with the grounds for relief under Rule 60(b)(1). See, e.g., Pelican, 893 F.2d at 1146; Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir.1993); Zuelzke, 925 F.2d at 229-30; Lomas and Nettleton Co. v. Wiseley, 884 F.2d 965, 967 (7th Cir.1989). Moreover, even where the blame lies with the attorney, the denial of 60(b) relief is not too harsh a result for a party, who freely selected the attorney as their agent. See Link v. Wabash R.R., 370 U.S. 626, 633-34 (1962); Bud Brooks Trucking, 909 F.2d at 1439 n. 2.
 
 
 13
 We hold that the Whites failed to establish one of the necessary grounds for relief from the judgment under Rule 60(b), and that it would have been an abuse of discretion for the district court, under these circumstances, to hold otherwise. See Edward H. Bohlin Co., 6 F.3d at 357 (holding that it would be an abuse of discretion for district court to grant 60(b) relief where party's untimeliness was solely because of their attorney's carelessness or misapprehension of the applicable rules of court); Lomas and Nettleton Co., 884 F.2d at 971 (holding that district court abused its discretion in awarding 60(b) relief where the only excuse offered for the party's failure to appear was that their attorney was careless and failed to realize the time). Thus, it is unnecessary for us to consider whether the Whites have alleged meritorious claims against Hudiburg and Allen.
 
 
 14
 For the reasons expressed above, the order of the district court denying the motion for relief from judgment under Rule 60(b) is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 At the time the Whites filed their notice of appeal from the denial of their 60(b) motion, there were several claims still pending in the case against other defendants. Thus, rather than appealing from a final decision, as they attempted to do, the Whites had to obtain a Rule 54(b) certification to appeal the disposition of their claims against Hudiburg and Allen in order for us to exercise jurisdiction over the appeal. However, on April 15, 1994, prior to our consideration of the merits of this appeal, a final adjudication was reached with respect to all of the Whites' claims in the district court. Thus, their premature notice of appeal is deemed effective, giving us jurisdiction over this appeal pursuant to 28 U.S.C. Sec. 1291. See Lewis v. B.F. Goodrich Co., 850 F.2d 641, 644-45 (10th Cir.1988) (in banc)