JETCRAFT CORPORATION, Plaintiff,

v.

BANPAIS, S.A. DE C.V.; Aero Transportation Comercial, S.A. De C.V.; Robert C. Tijerina; and Sergio P. Maza, Defendants.

No. 95–1381–JTM.

United States District Court, D. Kansas.

April 4, 1996.

Scott J. Gunderson, of Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, KS, Alvin Friedman and Lawrence S. Bauman, Washington, D.C., for Plaintiff.

Mark D. Murphy and Kent S. Jackson, of Jackson & Murphy, L.L.C., Overland Park, KS, for defendants Aero Transportation and Robert Tijerina.

### MEMORANDUM AND ORDER

MARTEN, District Judge.

On June 5, 1995, Jetcraft Corporation (Jetcraft) offered to purchase a Cessna Citation III jet aircraft from Aero Transportation Comercial, S.A. de C.V. (Aero) for $4,950,000.00. Aero accepted through its agent Robert Tijerina (Tijerina). On June 16, Jetcraft faxed acceptance of the aircraft to Sergio Maza (Maza), another Aero agent. Banpais, S.A. de C.V. (Banpais), a Mexican banking entity, has a security interest in the plane. Banpais was placed under the supervision of an intervenor by the Mexican gov-

ernment in March 1995. The sale has not closed because the required deregistration of the plane by Mexico has not taken place.

Jetcraft filed its original complaint on September 1, 1995. On December 1, 1995, Jetcraft filed a motion to attach the aircraft pursuant to K.S.A. 60–701 *et seq.* Jetcraft also filed an amended complaint on December 1, 1995, in which it requested *quasi in rem* relief through the judicial sale of the aircraft, in addition to the relief requested in the original complaint. This court ordered the aircraft attached on December 4, 1995. In early December 1995, Jetcraft, acting through a salesperson and not through attorneys, offered to Tijerina to purchase the plane at a modestly reduced price if decertification were accomplished by December 15, 1995.

On January 23, 1996, Jetcraft moved for default judgment against Aero. The motion alleges Aero received both the complaint and the amended complaint, but the affidavits indicate the complaint was received and the amended complaint was mailed. Aero and Tijerina concede they have a copy of the amended complaint. On February 9, 1996, Aero and Tijerina moved for leave to file an answer to Jetcraft's amended complaint out of time. The court finds a hearing on the motions is not necessary.

## A. *Motion for Default Judgment*

■ Jetcraft seeks default judgment only against defendant Aero, but seeks joint and several damages from defendants Aero and Banpais. Although not cited by the parties, a Tenth Circuit case controls. Default judgment may not be awarded against one defendant where joint and several damages are sought from multiple defendants until the matter has been fully adjudicated with regard to all defendants or all defendants have defaulted. *Hunt v. Inter–Globe Energy, Inc.,* 770 F.2d 145 (10th Cir.1985) (citing *Frow v. De La Vega,* 82 U.S. (15 Wall) 552, 21 L.Ed. 60 (1872), and reversing the district court's refusal to vacate default judgment). Here, Jetcraft is not seeking default judgment against Banpais or even alleging Banpais has been properly served. Under *Hunt,* Jetcraft's motion for default judgment

against Aero must be denied. Jetcraft's assertion that it would dismiss the claims against the other defendants if granted *quasi in rem* judgment against Aero makes no difference because it has not done so.

Jetcraft has not sought default judgment against Tijerina, so it is not clear why Tijerina filed a brief in opposition to the entry of default judgment. In any event, Jetcraft seeks joint and several damages against Tijerina and Maza, but does not seek default judgment against Maza. Thus, *Hunt* would preclude default judgment against Tijerina.

## B. *Motion for Leave to Answer Out of Time*

■ Aero and Tijerina request leave to file an answer to Jetcraft's amended complaint out of time, pursuant to Fed.R.Civ.P. 55(c) and 60(b). Both parties cite to case law treating a motion for leave to file out of time as analogous to a motion to vacate default judgment. However, it is not necessary to consider analogous case law because the Tenth Circuit provides a direct standard: a district court has discretion to grant a defendant leave to answer out of time under Rule 6(b), if the defendant can show the delay was caused by excusable neglect. *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1045, 134 L.Ed.2d 192 (1996). *Panis* extended *Pioneer Inv. Services v. Brunswick Associates,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (interpreting the bankruptcy counterpart to Rule 6(b)), to a Rule 6(b) motion, holding a district court has discretion to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control. The court noted good faith and the timing of the motion were factors to consider. *Panis,* 60 F.3d at 1494–95.

■ Aero and Tijerina seek to establish excusable neglect on several bases: (1) they were engaged in negotiations with Jetcraft to settle the dispute which they thought would be successful; (2) the delay in the deregistration process was nearly resolved and was due to circumstances beyond their control, i.e., the intervention of the Mexican government

in Banpais; and (3) they have meritorious defenses including lack of jurisdiction, improper service of process, contract ambiguities, lack of breach, estoppel, and impossibility. The defendants also argue denial of leave amounts to a default judgment because the issue would not be resolved on the merits, correctly noting default judgments are not favored by the courts. *Cessna Finance Corp. v. Bielenberg Masonry*, 715 F.2d 1442, 1444 (10th Cir.1983).

Aero individually argues further that its failure to respond was due to circumstances beyond its control. Aero submitted an affidavit from its general counsel indicating:

1. Aero is part of a Mexican holding group, Holding Fiasa, S.A. de C.V. (Holding Fiasa);

2. Since May 1995, Holding Fiasa, and therefore Aero, has been under the jurisdiction of the Intervenor of the Mexican Government Ministry of Finance;

3. Under Mexican regulations, all expenditures by Aero must be approved in advance by the intervenor;

4. Aero requested authority to hire counsel in the United States to defend against this action upon learning it had been filed; and

5. The intervenor did not authorize the hiring of counsel until February 1996.

In response, Jetcraft claims it did not provide either Aero or Tijerina with assurances the litigation would not be pursued. However, Jetcraft continued to pursue efforts to resolve the matter directly with Tijerina and not through counsel. Jetcraft admits contact between the parties, often initiated by the defendants, in October, November, and December. In addition, Tijerina contacted Jetcraft's attorney in January, prior to the motion for default judgment, to indicate efforts to deregister the plane were continuing.

This court finds circumstances here which justify accepting a late pleading. There is evidence Aero and Tijerina mistakenly thought the dispute would be resolved through negotiations and were making good faith efforts to secure deregistration. In addition, Aero was not authorized by the intervenor to hire counsel until February, when it promptly did so and asked for leave to file out of time.

While Jetcraft makes a vague allegation of bad faith—alleging Aero wanted to avoid the mortgage to Banpais and was therefore delaying deregistration—no evidence supports this assertion. In fact, Aero and Tijerina immediately sought leave to file out of time when Jetcraft filed a motion for default judgment. In other words, as soon as the defendants realized negotiations might not be successful in resolving the matter, they began defending the lawsuit.

■ The parties spend much ink disputing the merits of Aero's possible defenses. This does not appear to be a factor under *Panis*, although lack of meritorious defenses could be evidence of bad faith. In any event, where a showing of a meritorious defense is required under other rules, a showing of likely success on the merits is not required. A defendant "need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense" in order to "[clear] this squatty hurdle." *Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir.1989). The defendants' averments raise cognizable defenses and cannot be said now to have been made in bad faith.

■ Jetcraft also argues it would suffer prejudice if Aero is permitted to answer now. In essence, Jetcraft argues it would be forced to pursue expensive litigation to vindicate its contract rights. This is insufficient to constitute prejudice, as Jetcraft would have been required to litigate if Aero had timely filed an answer.

*Panis* emphasized the importance of the timing and the impact on an opposing party of a motion for leave to file late in determining whether a party is prejudiced. In *Panis*, the defendants moved for leave to amend their answer out of time. Panis later moved to amend her complaint out of time. The district court granted the defendants' motion for leave, but denied Panis' motion.

The Tenth Circuit affirmed, noting the defendants filed their motion soon after learning of their error and before significant discovery had taken place. In addition, the

defendants raised no new issues in the late filing and admitted the delay was caused by inadvertence or carelessness. Panis, however, filed her motion more than six months after the deadline to amend had passed, when most of the discovery had been completed and the case was ready for decision. She raised new causes of action which would require the reopening of discovery and offered no explanation for the delay. *Panis* 60 F.3d at 1494–95.

Here, defendants sought leave to file out of time as soon as they discovered the negotiations might not be successful, and with regard to Aero, as soon as it was authorized by the intervenor to obtain United States counsel. Discovery is in its early stages and Jetcraft does not complain that any particular defense was unexpected or will require a substantial amount of additional discovery. Finally, the defendants offer reasonable explanations for the delay. The motion for leave to answer out of time is granted.

IT IS ACCORDINGLY ORDERED this 4th day of April, 1996, that plaintiff's motion for default judgment (Dkt. No. 18) is denied. Defendants Tijerina and Aero's motion for leave to answer plaintiff's amended complaint out of time (Dkt. No. 23) is granted. Such answers shall be filed within 20 days of this order.