Ron NOLAN, Plaintiff,

v.

UNDERWRITERS AT LLOYD'S, LONDON, Defendant.

No. 99–2184–JWL.

United States District Court, D. Kansas, Kansas City Division.

Dec. 7, 1999.

Lisa A. Weixelman, Polsinelli, White, Vardeman & Shalton, Kansas City, MO, for plaintiff.

Thomas R. Larson, Larson & Larson, P.C., Kansas City, MO, for defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Presently before the court is defendant's motion to set aside default judgment entered by the court on September 23, 1999 and for leave to file out of time an answer and a response to plaintiff's motion to compel specific performance (Doc. 6). Also before the court is plaintiff's amended motion for leave to file suggestions in surreply (Doc. 12). For the reasons discussed below, defendant's motion is denied. Plaintiff's motion is denied as moot.

### I. Background

On or about September 9, 1996, defendant issued a professional liability errors and omissions insurance policy to Nolan Real Estate Services, Inc., effective for the policy period of September 9, 1996 to September 9, 1997, and renewed to September 9, 1998. On February 11, 1998, a lawsuit was filed against plaintiff ("underlying lawsuit") individually and as general partner of Miller Nolan Management asserting plaintiff's breach of property management agreements. Thereafter, plaintiff advised defendant of the underlying lawsuit and requested that defendant defend him in said suit. A number of conversations took place between plaintiff and defendant's New York counsel, Edward Taylor, regarding the parties' obligations under the insurance policy. Specifically, defendant asserted that plaintiff had a duty to pay a pro-rata share of the defense costs; plaintiff disagreed. After negotiations between the parties failed, plaintiff filed his complaint in the present action on April 26, 1999, seeking declaratory judgment against defendant. Defendant's answer was due on May 19, 1999, but was never filed.

Following the filing of the complaint, negotiations between the parties continued. On or around June 1, 1999, the parties reached an agreement resolving the issues raised by the declaratory judgment action. As part of the settlement, defendant agreed to pay 100% of the defense costs of the underlying lawsuit. However, the parties later disa-

greed on whether defendant had preserved its right to seek indemnification from plaintiff for some or all of the costs. On August 20, 1999, defendant made partial payment of defense costs incurred to date in the underlying lawsuit. Invoices for additional fees remained unpaid. Consequently, plaintiff filed his motion to compel specific performance of the settlement agreement, or, in the alternative, for entry of default judgment, on August 27, 1999. Subsequently, Mr. Taylor contacted plaintiff's counsel in an unsuccessful attempt to resolve the issues in dispute between the parties. Mr. Taylor failed, however, to file a response to plaintiff's motion or even to seek an extension of time in which to respond. Accordingly, on September 23, 1999, the court issued an order compelling specific performance and entered a default judgment against defendant. On September 29, 1999, defendant hired local counsel to represent it in this action. Said counsel filed defendant's current motion on October 6, 1999.

## II. Legal Standards

 Defendant appears to be proceeding under Federal Rule of Civil Procedure 60(b)(1). Rule 60(b)(1) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect. . . .

The Tenth Circuit has repeatedly noted that relief under Rule 60(b) is warranted only in exceptional circumstances. *See, e.g., Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1147 (10th Cir.1990). The decision to "vacate judgment under Rule 60(b) is left almost entirely up to the discretion of the trial court." *Greenwood Explorations, Ltd. v. Merit Gas and Oil Corp., Inc.,*

837 F.2d 423, 426 (10th Cir.1988). The burden falls upon the party moving to have the judgment set aside to both plead and prove mistake, inadvertence, surprise, or excusable neglect. *See Pelican,* 893 F.2d at 1147. Additionally, in default judgment cases, the movant must demonstrate the existence of a meritorious defense. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1445 (10th Cir.1983).[1]

Defendant requests oral argument on the present motion. Pursuant to D.Kan. Rule 7.2, requests for oral arguments on motions shall be granted only at the court's discretion. Defendant does not explain how oral argument would aid the court. After examining the record before it, the court does not believe that oral argument would materially assist it in deciding defendant's motion. Therefore, defendant's request for oral argument is denied.

## III. Discussion

This action began on April 26, 1999, when plaintiff filed his complaint seeking a declaratory judgment. The court heard nothing more from the parties until approximately four months later when, on August 27, 1999, plaintiff filed his motion to compel, or, alternatively, for default judgment. Noting that defendant "has not responded to the Motion nor has it filed an answer or otherwise appeared in this action," the court was left little alternative than to enter a default judgment against defendant on September 23, 1999. Defendant now comes before the court and argues that the court's judgment should be set aside because defendant's failure to answer and respond was due to "excusable neglect." As discussed below, the court does not find that defendant's reasons for failing to defend this action constitute excusable neglect within the ambit of Rule 60(b)(1).

 As justification for its failure to answer, defendant asserts that it had signed a

---

1. The parties assert that *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), a case interpreting "excusable neglect" under the Bankruptcy Code, requires the court to apply four factors in evaluating defendant's claim of excusable neglect under Rule 60(b)(1). In researching the numerous Tenth Circuit cases decided after *Pioneer* and discussing the Rule 60(b)(1) standard, the court finds none applying the *Pioneer* factors. The court, therefore, will not compartmentalize its analysis and will focus instead on applying the Tenth Circuit legal standards set forth above. In passing, the court notes that it would reach the same results in this case had it structured its analysis after *Pioneer.*

stipulation for dismissal and thought that a settlement reached between the parties mooted the issues in dispute. The problem with defendant's excuse, however, is that the parties had reached no agreement as of the answer's due date, May 19, 1999. Rather, an agreement was not reached until on or around June 1, 1999. Moreover, even after defendant learned, as Mr. Taylor contends, "that there was no meeting of the minds" in regard to the parties' agreement, defendant did not file any type of pleading with the court.

The Tenth Circuit addressed a similar situation in *Cessna*, 715 F.2d 1442. *Cessna* involved a guarantor who was sued for allegedly not fulfilling his contractual obligation. When the guarantor failed to file a responsive pleading, the trial court entered a default judgment against him. *See id.* at 1444. The guarantor then moved to set aside the court's order based on Rule 60(b)(1), alleging excusable neglect. The guarantor's reasons for not defending the suit were that he didn't realize that the action was against him personally and that he didn't think the case would proceed because he was also involved in a bankruptcy proceeding. *See id.* at 1445. In upholding the default judgment, the Tenth Circuit reasoned that "a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure." *Id.* at 1444. The court also ruled that where a party makes a conscious decision not to defend, it is not entitled to Rule 60(b)(1) relief. *See id.* at 1447; *see also Otoe County Nat'l Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 883 (10th Cir.1985).

Applying *Cessna*, the court finds that defendant made a conscious decision not to file a response to plaintiff's complaint, either within the appropriate time to do so or after learning that the settlement between the parties was on shaky ground. Defendant made no effort to comply with well established rules of civil procedure. Thus, the court does not find that defendant's failure to answer was the result of excusable neglect.

The court's belief is solidified when it considers that defendant defaulted not once but twice. In addition to not answering, defendant failed to respond to plaintiff's motion to compel, or, alternatively, for default judgment. Defendant asserts three reasons for not responding: (1) Mr. Taylor was on vacation during the first five days of response time, (2) Mr. Taylor was seeking settlement of the dispute, and (3) Mr. Taylor, a New York lawyer, had not formally entered his appearance on behalf of defendant because of the unique timing of settlement in this case. The court will evaluate the merits of each of these reasons individually.

■ First, defendant asserts that its attorney, Mr. Taylor, was on vacation during the first five days of response time. The court has uncovered no cases in which an attorney's vacation was considered an excusable ground to set aside a default judgment. Moreover, Mr. Taylor works in a large law firm and surely could have arranged for a fellow attorney or staff member to review his mail in his absence. Even if this was not an option, defendant had the opportunity to file a motion for extension of time to respond, but it did not. The court concludes that defendant and its counsel acted carelessly in regard to filing a response, and "[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Pelican*, 893 F.2d at 1146.

■ Second, defendant asserts that it did not respond to plaintiff's motion because, through its counsel, it was seeking settlement of the parties' dispute. While allowing parties to resolve disputes amongst themselves is certainly not discouraged by the court, parties may not do so in flagrant violation of the rules of civil procedure. Mr. Taylor made a deliberate choice to pursue settlement exclusively, rather than to also file a timely response with the court. Unfortunately for defendant, the parties did not reach an agreement on the issues raised in plaintiff's motion. The Tenth Circuit has recently held that "a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes." *Yapp v. Ex-*

cel Corp., 186 F.3d 1222, 1231 (10th Cir.1999). See also Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir.1996) ("Generally speaking, a party who takes deliberate action with negative consequences ... will not be relieved of the consequences by Rule 60(b)(1) when it subsequently develops that the choice was unfortunate.") (internal quotations omitted). Thus, the court does not find that defendant's unsuccessful pursuit of settlement constitutes excusable neglect under Rule 60(b)(1).[2]

■ Third, defendant makes a somewhat convoluted argument that its unresponsiveness is justified because Mr. Taylor had not formally entered his appearance on behalf of defendant at the time that plaintiff's motion was served upon him. According to defendant, plaintiff's motion did not comply with Fed.R.Civ.Pro. 5(b) because it was not served upon an attorney who had entered an appearance in this case. Defendant admits, however, that Mr. Taylor was its North American representative. Defendant then states:

> Lloyds is not in a position where it can point fingers at anyone else for failure to observe the technical requirements of the procedural rules ... the subtle point is simply that if the 'settlement' had been reached after the filing of either an answer or the entry of an appearance by an attorney admitted to practice before this Court, we can all agree that things would have been differently.... Lloyd's only point in this aspect of the argument is that the spirit of the rules are there to assure confidence for the judiciary when it acts for procedural reasons to the prejudice of a party. In the case at bar, the unique timing of the "settlement" has undercut one tenets (sic) behind these rules.

Def's Reply at 7–8.

The court does not find that its entry of default judgment violated the spirit of the rules of civil procedure. Although service of plaintiff's motion may not have technically complied with Fed.R.Civ.Pro. 5(b), the proceeding subsection of the rule states that "[n]o service [of pleadings] need be made on parties in default." Fed.R.Civ.Pro. 5(a). Plaintiff, however, took the extra step of serving Mr. Taylor, an attorney he knew to be representing defendant and defendant's North American representative. Mr. Taylor took no action to defend the case, even though he admits in his affidavit that he received a copy of the motion. Defendant neither filed a response to plaintiff's motion, nor moved to have the motion denied for insufficient service. Moreover, nearly five months passed between the filing of plaintiff's complaint and the entry of the court's judgment. The court believes that this gave Mr. Taylor adequate time to enter an appearance with the court or, alternatively, gave defendant adequate time to hire local counsel to defend it in this case. Defendant's neglect was therefore not excusable.

The court finds that defendant has failed to establish excusable neglect under Rule 60(b)(1). Because defendant has failed to meet this threshold requirement, the court need not address whether defendant has a meritorious defense. See Cashner, 98 F.3d at 578 n. 2; White v. Cassey, 30 F.3d 142, 1994 WL 395902, at *2 (10th Cir. July 28, 1994) ("Since review of the merits at the 60(b) stage is purely for purposes of judicial efficiency, it need not be done if the movant has not established an otherwise valid basis for relief (i.e., excusable neglect) under Rule 60(b).") Thus, the court does not address defendant's additional merit-based claims that there was no "meeting of the minds" in the parties settlement agreement and that the allocation of defense costs, according to the proration formula in the insurance certificate, is dependent on the outcome of the underlying lawsuit.

**IT IS ACCORDINGLY ORDERED** that defendant's motion to set aside default judg-

---

2. Defendant's reliance on Jetcraft Corp. v. Banpais, S.A. De C.V., 166 F.R.D. 483 (D.Kan.1996), for the proposition that engagement in settlement negotiations is a ground for finding excusable neglect, is misplaced. In Jetcraft, the court found that the movant's failure to plead was due to circumstances beyond the movant's control, specifically, the Mexican government did not authorize the hiring of counsel until after the pleading's due date. Id. at 486. This, along with the parties' settlement negotiations, was a vital part of the court's decision to set aside judgment. In the case at bar, defendant has not argued that its failure to timely plead was beyond its control.

ment and for leave to file an answer and response (Doc. 6) is denied.

**IT IS FURTHER ORDERED** that plaintiff's amended motion for leave to file suggestions in surreply (Doc. 12) is denied as moot.

**IT IS SO ORDERED.**