**David and Pamela SCHNUELLE, Plaintiffs,**

v.

**C & C AUTO SALES, INC., Defendant,**

v.

**SAS Enterprises; Ray Flanagan d/b/a Full Moon Recovery Services, and Midwest Finance Corporation of Kansas, Inc., Third–Party Defendants.**

No. 99–2253–JWL.

United States District Court, D. Kansas.

June 15, 2000.

Ronald L. Holt, Watkins, Boulware, Lucas, Miner, Murphy & Taylor, LLP, Kansas City, MO, for plaintiffs.

Joel W. Riggs, McMaster & McMaster, Wichita, KS, Thomas W. Collins, III, Kristie R. Orme, McDowell, Rice, Smith & Gaar, Kansas City, MO, Christopher T. Wilson, Hill, Beam–Ward & Kruse, LLC, Overland Park, KS, for defendants.

1. The court has fully set forth the facts underlying this litigation in its April 19, 2000 Memorandum and Order (Doc. 49). Therefore, only the facts relevant to the instant motion are discussed here.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Presently before the court is third-party defendant SAS Enterprises, Inc.'s (SAS) motion to set aside the default judgment entered by the court on January 26, 2000 in favor of third-party plaintiff C & C Auto Sales, Inc. (C & C). For the reasons set forth below, SAS's motion (Doc. 51) is denied.

### I. Background[1]

Plaintiffs originally filed this action against C & C on June 7, 1999. On August 6, 1999, C & C filed a third-party complaint against SAS and Ray Flanagan, asserting that "[i]f Defendant is liable to Plaintiffs for any damages resulting from alleged title defects and the vehicle's repossession, then Third Party Defendants, in turn, would be liable to Defendant/Third Party Plaintiff for all sums that may be adjudged against Defendant/Third Party Plaintiff in favor of Plaintiff based upon the alleged title problems and repossession." C & C sent a Notice of Lawsuit and Request for Waiver of Service of Summons to SAS, care of its registered agent Sameer Said, on August 12, 1999. Following receipt of this notice, attorney Steve Leigh contacted counsel for C & C and plaintiffs on behalf of SAS[2] to discuss a potential settlement. No settlement was reached, however, prompting counsel for C & C to send a letter to Mr. Leigh on September 21, 1999, informing Mr. Leigh that he had "yet to hear a response to C & C's Third Party Complaint." The letter further advised that unless SAS waived service "in the next few days," C & C would make service upon SAS and attempt to recover costs for such service. When SAS took no further action to waive service or to contact C & C on this matter, C & C personally served SAS's agent, Mr. Said, with a Summons and copy of the third-party complaint on October 4, 1999. The Summons served upon Mr. Said clearly stated that if SAS failed to file an appearance with the court and an answer to the third-party com-

2. Mr. Leigh did not enter an appearance on behalf of SAS, however.

plaint within twenty days "judgment by default will be taken against you for the relief demanded in the third-party complaint."

Twenty days passed with no action taken in this case by SAS. On November 9, 1999, plaintiffs' counsel mailed a letter to Mr. Said, notifying him that SAS had yet to file an answer to the third-party complaint and seeking approval of an enclosed proposed discovery schedule "[i]n the event that SAS intends to defend itself in this case." Thereafter, in November and December, 1999, Mr. Said had some contact with C & C's counsel during which a proposed joint settlement offer to be presented to plaintiffs was allegedly discussed. It is unclear whether or not a settlement proposal was presented to plaintiffs, but clearly a settlement was not reached. On December 13, 1999, SAS had still taken no steps to defend itself in this matter, and C & C filed a motion for entry of default judgment. SAS again failed to take action, filing no response to C & C's motion. Accordingly, on January 26, 2000, the court entered default judgment against SAS. On April 14, 2000, SAS hired counsel to represent it in this action and the current motion was filed on May 2, 2000.

## II. Legal Standard

■■■ Defendant appears to be proceeding under Federal Rule of Civil Procedure 60(b)(1).[3] Rule 60(b)(1) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect. . . .

The Tenth Circuit has repeatedly noted that relief under Rule 60(b) is warranted only in exceptional circumstances. *See, e.g., Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991); *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir.1990). The decision to "vacate judgment under Rule 60(b) is left almost entirely up to the discretion of the trial court." *Greenwood Explora-*

*tions, Ltd. v. Merit Gas and Oil Corp., Inc.*, 837 F.2d 423, 426 (10th Cir.1988). The burden falls upon the party moving to have the judgment set aside to both plead and prove mistake, inadvertence, surprise, or excusable neglect. *See Pelican*, 893 F.2d at 1147. Additionally, in default judgment cases, the movant must demonstrate the existence of a meritorious defense. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1445 (10th Cir.1983).

## III. Discussion

■■ SAS asserts a single theory to support its argument that the default judgment should be set aside: "SAS believed, in good faith, that counsel for C & C was attempting to negotiate a favorable resolution of this matter on behalf of both C & C and SAS." (See Doc. 52, ¶ 5). Allegedly as a result of the conversations between Mr. Said and C & C's counsel, SAS did not hire counsel to enter an appearance on its behalf until April 2000. SAS argues that its mistaken belief that counsel for C & C was attempting to negotiate a settlement on its behalf provides a sufficient basis to set aside the court's entry of summary judgment on Rule 60(b)(1) grounds. As discussed below, however, the court finds that SAS made a deliberate choice not to defend this action. Though attempts at settlement are generally favored, they do not abrogate a party's responsibility to diligently observe the Federal Rules of Civil Procedure, the important purpose of which is to ensure the just and expedient resolution of every action. *See Cessna*, 715 F.2d at 1444; *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.1970). Thus, SAS's reason for failing to defend this action, the belief that settlement discussions were ongoing, does not constitute excusable neglect or mistake within the ambit of Rule 60(b)(1).

This court has recently rejected the argument that settlement discussions may serve as a reason to set aside a default judgment pursuant to Rule 60(b)(1). In *Nolan v. Underwriters at Lloyd's, London*, 190 F.R.D. 578 (D.Kan.1999), the defendant argued that

---

**3.** Although SAS also quotes language from subsections (3) and (6) of Rule 60(b) in its recitation of the law (see Doc. 52, ¶ 2), SAS solely relies on subsection (1) to support its argument (see Doc.

52, ¶ 5) and conclusion (see Doc. 52, ¶ 8) that there is a basis to set aside the default judgement.

its failure to file an answer was excused by its belief that a settlement had been reached between the parties which mooted the issues in dispute. The court found that the first "problem with defendant's excuse, however, is that the parties had reached no agreement as of the answer's due date." *Id.* at 581. The same problem is present in the case at bar. In accordance with Fed.R.Civ.P. 12(a)(1), SAS's answer to C & C's third party complaint was due on October 25, 1999. Mr. Said, SAS's agent, has testified, however, that he did not begin conversing with C & C regarding a proposed settlement with plaintiffs until November, 1999. During the time period provided SAS to file an answer, SAS made absolutely no contact with either the court or counsel for the opposition.

In *Nolan*, the court further held that the defendant's "deliberate choice to pursue settlement exclusively, rather than to also file a timely response with the court," did not constitute excusable neglect. *Id.* at 581. The court noted that the Tenth Circuit had addressed a similar situation in *Cessna Finance Corp.*, 715 F.2d 1442. *Cessna* involved a guarantor who was sued for allegedly not fulfilling his contractual obligation. When the guarantor failed to file a responsive pleading, the trial court entered a default judgment against him. *See id.* at 1444. The guarantor then moved to set aside the court's order, arguing that he was entitled to relief under Rule 60(b)(1). The guarantor's reasons for not defending the suit were that he didn't realize that the action was against him personally and that he didn't think the case would proceed because he was also involved in a bankruptcy proceeding. *See id.* at 1445. In upholding the default judgment, the Tenth Circuit reasoned that "a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure." *Id.* at 1444. The court found that the defendant was "not an unsophisticated litigant." *Id.* at 1446. The defendant was a businessman who "had sufficient familiarity with the concepts of personal and corporate liability" to make it reasonable to assume that he was not unaware of the dangers in failing to respond to a complaint. *Id.* The court concluded that "[g]iven these circumstances, it can reasonably be inferred that [the defendant] made a conscious decision not to defend and is therefore not entitled to relief." *Id.* at 1447; *see also, Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir.1996) ("Generally speaking, a party who takes deliberate action with negative consequences will not be relieved of the consequences by Rule 60(b)(1) when it subsequently develops that the choice was unfortunate.") (internal citations omitted).

Like the defendants in *Nolan* and *Cessna*, SAS made a conscious decision not to defend the action filed against it. First, the court finds that SAS was given ample notice of the possibility of the entry of default judgment against it and generous opportunities to prevent that possibility by filing a pleading with the court. SAS's first notice that default judgment could be entered came in the Summons personally served upon Mr. Said on October 4, 1999. The Summons clearly informed SAS that if it failed to file an appearance with the court and an answer to the third-party complaint within twenty days "judgment by default will be taken against you." Nevertheless, SAS flagrantly disregarded the Rules of Civil Procedure and took absolutely no legal action in the twenty days following service. Next, on November 9, 1999, plaintiff's counsel mailed a letter to Mr. Said. The letter not only reminded Mr. Said that SAS had yet to file an answer to the third-party complaint, but it also included a proposed discovery schedule, which should have dispelled any notion in Mr. Said's mind that a settlement had been reached with plaintiffs. Finally, on December 13, 1999, C & C filed a motion for entry of default judgment with the court, a copy of which was served upon Mr. Said as SAS's agent. Even when faced with the imminent prospect of default judgment, SAS chose not to file a response to C & C's motion.

Moreover, like the defendant in *Cessna*, SAS is not an "unsophisticated litigant." In fact, SAS and Mr. Said have previously appeared as defendants before this court. *See Maberry v. Said*, 911 F.Supp. 1393 (D.Kan. 1995); *Maberry v. Said*, 927 F.Supp. 1456

(D.Kan.1996). That Mr. Said is a business-man, familiar with the litigation process, strengthens the court's belief that he made a deliberate choice to pursue settlement exclusively, rather than to also enter a timely appearance with the court. The Tenth Circuit has recently held that "a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir.1999). Thus, the court does not find that defendant's unsuccessful pursuit of settlement constitutes excusable neglect, inadvertence, or mistake under Rule 60(b)(1).

Because SAS has failed to meet its threshold burden of proving mistake or excusable neglect, the court need not address whether SAS has a meritorious defense. *See Cashner*, 98 F.3d at 578 n. 2; *White v. Cassey*, 30 F.3d 142, 1994 WL 395902, at *2 (10th Cir. July 28, 1994) ("Since review of the merits at the 60(b) stage is purely for purposes of judicial efficiency, it need not be done if the movant has not established an otherwise valid basis for relief (i.e., excusable neglect) under Rule 60(b).")

**IT IS ACCORDINGLY ORDERED** that SAS's motion to set aside default judgment (Doc. 51) is denied.

**IT IS SO ORDERED.**