**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 9 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROBERT WILLIAMS,

      Plaintiff - Appellee,

v.

JIMMY SWANSON, an individual,
doing business as Silver Star
Limousine; EXECUTIVE WEST
SALES, INC., a revoked Nevada
corporation,

      Defendants - Appellants.

No. 01-6404
D.C. No. CIV-00-822-L
(W.D. Oklahoma)

---

ORDER AND JUDGMENT *

---

Before **BRISCOE** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Jimmy Swanson, d/b/a/ Silver Star Limousine and Executive West Sales, Inc. (Executive West), appeals the district court's denial of Swanson's motion to set aside a default judgment entered for plaintiff Robert Williams. Because we conclude that the district court did not abuse its discretion by denying the motion, we affirm.

## I.

Williams filed this action against Swanson, Executive West, and two co-defendants seeking damages for violations of the Federal Odometer Act, 49 U.S.C. §§ 32701-32711 (formerly codified at 15 U.S.C. §§ 1981-1991), the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, common law fraud, and breach of warranty of title in connection with Williams' purchase of a limousine in 1989. Although Swanson and Executive West were served, they failed to answer. The district court subsequently dismissed the two co-defendants without prejudice pursuant to a stipulated release filed by Williams. Because Swanson and Executive West failed to answer or otherwise appear, the court entered a default judgment against them. After an evidentiary hearing, Williams was awarded a total of $55,633.89 in damages. Swanson then

filed a motion to set aside the default judgment, which the court denied. This appeal followed.

## II.

"Decisions to enter judgment by default are committed to the district court's sound discretion, and our review is for abuse of discretion." *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997). We will not disturb the court's determination without a clear showing that it was based on a clearly erroneous factual finding or an erroneous legal conclusion or that it manifests a clear error of judgment. *See Cartier v. Jackson*, 59 F.3d 1046, 1048 (10th Cir. 1995).

## III.

As a preliminary matter, we address Swanson's contention that the district court lacked subject matter jurisdiction. Obviously, without subject matter jurisdiction an entry of a default judgment would be erroneous. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (quotation omitted); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist."). Swanson makes two arguments to support his contention. First, because the amount actually awarded Williams was less than

$75,000, Swanson argues that the court lacked diversity jurisdiction. Second, because he claims Williams' Odometer Act claim was without foundation, Swanson argues that the court lacked federal question jurisdiction. We need not address the first argument because we conclude the court clearly had jurisdiction pursuant to 28 U.S.C. § 1331.

Section 1331 confers original jurisdiction on the district courts to hear civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under 28 U.S.C. § 1331, federal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint. The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986) (citations omitted). In light of this standard, it is clear that the district court had jurisdiction to hear the instant dispute. Williams' complaint was drawn so as to seek recovery under, among other things, the Federal Odometer Act, and he alleged facts directly related to his claim arising under that statute. Moreover, "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [a plaintiff] could actually recover." *Bell v. Hood*, 327 U.S. 678, 682 (1946). Therefore, Williams' allegations involving the application of the Odometer Act were a matter of federal concern

-4-

that conferred jurisdiction on the district court notwithstanding Swanson's claim that those allegations should fail.

## IV.

Swanson next contends that the court lacked jurisdiction over him because the summons was defective for failure to comply with Fed. R. Civ. P. 4(a), which requires the summons to "state the time within which the defendant must appear and defend," and with Local Rule 4.2, which requires plaintiffs to obtain an order of the clerk of the court authorizing a private process server. The district court relied on *Sanderford v. Prudential Insurance Co. of America*, 902 F.2d 897, 900 (11th Cir. 1990), which held that if a summons is in substantial compliance with Rule 4(b), [2] and if the defendant has not shown prejudice by the defect, he must raise his insufficiency of process defense by a motion or in a responsive pleading, or risk waiving that defense after a default judgment. We agree with the district court that Swanson's argument that the district court did not obtain jurisdiction over him due to a defect in the summons is meritless. The record confirms the court's observation that Swanson had actual knowledge of the action against him, and that he contacted his attorney in connection with the matter. *See* Aplt. App. at 32 (affidavit of Jimmy Swanson). The district court's finding that Swanson was

---

[2] Rule 4(a) was amended in 1993 to include the pertinent provisions of former subdivision (b). *See* Fed. R. Civ. P. 4 advisory committee's note.

not prejudiced by the defective summons, but rather by his own inaction in the lawsuit, and the court's rejection of Swanson's argument that a private process server was not properly authorized are not clearly erroneous. *Cf. Kitchens v. Bryan County Nat'l Bank*, 825 F.2d 248, 255-56 (10th Cir. 1987) (noting that, despite a Rule 4 defect in that case, "the federal courts generally take a permissive attitude towards the mechanism employed for service of process when defendant actually receives notice") (quotation omitted).

## V.

Swanson also argues that the district court abused its discretion by concluding that he did not prove that his failure to respond was due to excusable neglect. Specifically, Swanson contends that he reasonably held a mistaken belief that his co-defendant's attorneys, or that his own attorney was handling the lawsuit for him. The district court applied the Supreme Court's analysis for determining "excusable neglect" as set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), and determined that Swanson had not sufficiently established it. We agree with the court's determination. While it is unfortunate that Swanson relied to his detriment on assurances made by counsel, such reliance does not, by itself, demonstrate "excusable neglect." *See id.* at 396-97 (holding appellate court erred in not attributing to clients the acts or omissions of their attorneys in assessing excusable neglect). Swanson's

-6-

arguments to the contrary do not persuade us that the district court's determination was in error.

Swanson's related argument that he has a meritorious defense to Williams' complaint also fails. As explained by the district court, the requirement that a party demonstrate that his or her defense is meritorious is *in addition* to the threshold showing of excusable neglect. *Otoe County Nat'l Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 883 (10th Cir. 1985). Given its conclusion that Swanson failed to show excusable neglect, it was not required to address arguments related to this additional requirement. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 n.2 (10th Cir. 1996).

## VI.

Swanson's arguments that (1) he may be entitled to a dismissal or setoff for money already paid to Williams based on Williams' release of Swanson's co-defendants in this case; and (2) the entry of default is void due to the court's failure to dismiss the case after October 31, 2000, are waived because they were not raised before the district court. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994) ("Absent compelling reasons, we do not consider arguments that were not presented to the district court.").

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge