**Tom VENABLE, Plaintiff-Appellee,**

v.

**T.J. HAISLIP, Defendant-Appellant.**

No. 82–2353.

United States Court of Appeals,
Tenth Circuit.

Nov. 10, 1983.

Terry W. Tippens and Doneen Douglas Jones of Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, Okl., for defendant-appellant.

Jeffrey S. Wolfe and Joe M. Fears of Dyer, Powers, Marsh, Turner & Armstrong, Tulsa, Okl., for plaintiff-appellee.

Before SETH, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

The court advised the parties that it was considering summary dismissal of this appeal for lack of jurisdiction and requested them to brief the issue of jurisdiction. In their response the parties also discussed the merits of the appeal. Accordingly, we deem further briefing unnecessary.

This appeal arises from an action in which the plaintiff, Tom Venable, sued the defendant, T.J. Haislip, for conversion of the plaintiff's race horse registration papers. Jurisdiction was based on diversity of citizenship. The district court entered a default judgment for the plaintiff on May

22, 1981. On June 24, 1982, the defendant moved to vacate the default judgment, relying on Fed.R.Civ.P. 60(b)(4), (5) and (6). The district court denied the Rule 60(b) motion by minute order on September 8, 1982, for failure to file within one year. On September 14, 1982, the defendant moved for a rehearing on its Rule 60(b) motion. The court denied the motion for rehearing on September 30, 1982. The defendant filed notice of appeal on October 29, 1982.

The issues on appeal are: (1) whether the defendant timely filed his notice of appeal from the court's order dismissing the Rule 60(b) motion; and (2) whether the district court abused its discretion in denying the defendant's Rule 60(b) motion.

## I

A party must file notice of appeal within thirty days of entry of the judgment or order from which it appeals. Fed.R.App.P. 4(a). In the instant case, the defendant did not file his notice of appeal within thirty days after the court entered its order denying defendant's Rule 60(b) motion, but he did file it within thirty days after the court denied his motion for rehearing on the Rule 60(b) motion. Thus, the defendant's appeal is timely only if the motion for rehearing tolled the running of the appeal period under Fed.R.App.P. 4(a).

A timely motion to alter or amend a judgment under Fed.R.Civ.P. 59(e) tolls the thirty-day appeal period. Fed.R.App.P. 4(a)(4). Regardless of how it is styled, a post-judgment motion filed within ten days of entry of judgment that questions the correctness of a judgment is properly construed as a Rule 59(e) motion. *Miller v. Leavenworth-Jefferson Electric Cooperative, Inc.*, 653 F.2d 1378, 1380 (10th Cir. 1981). The defendant's motion for rehearing or reconsideration, which he filed within ten days after the court dismissed his Rule 60(b) motion, questioned the correctness of the dismissal of the Rule 60(b) motion. The defendant's motion for reconsideration or

rehearing is therefore properly construed as a timely Rule 59(e) motion. *See Sea Ranch Association v. California Coastal Zone Conservation Commissions,* 537 F.2d 1058, 1061 (9th Cir.1976).

The plaintiff contends, however, that the motion to reconsider did not toll the running of the appeal period because it was not the original motion challenging the default judgment. Plaintiff is apparently relying on cases that have held that a motion to reconsider an order disposing of a motion that tolled the running of the time for appeal typically does not again toll the running of the appeal period. *See, e.g., Wansor v. George Hantscho Co., Inc.,* 570 F.2d 1202, 1206 (5th Cir.), *cert. denied,* 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed.2d 344 (1978); *EEOC v. Central Motor Lines, Inc.,* 537 F.2d 1162, 1165 (4th Cir.1976). That rule prevents parties from undermining the finality of judgments by repeatedly filing motions that toll the running of the appeal time under Rule 4(a). 9 J. Moore, *Moore's Federal Practice* ¶ 204.12[1] n. 27 (2d ed. 1983). In the instant case, however, the defendant's motion to reconsider is the first motion that would toll the running of the time for appeal of the denial of his 60(b) motion. Consequently, we conclude that defendant's motion to reconsider tolled the period to appeal the judgment denying the Rule 60(b) motion, and the defendant's appeal was timely filed to bring before us the correctness of the court's denial of that motion.

## II

We next address whether the district court properly denied the defendant's motion to vacate the default judgment. The court dismissed the motion on the ground that the defendant failed to file the Rule 60(b) motion within one year of entry of the default judgment. The defendant expressly relied upon Rule 60(b)(4), (5) and (6), however, which requires filing only within a reasonable time.[1] A party need

---

1. Rule 60(b), in relevant part, provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal

not file a Rule 60(b) motion within one year if the judgment is a nullity because the court lacked personal jurisdiction over the defendant. *Misco Leasing, Inc. v. Vaughn,* 450 F.2d 257, 260 (10th Cir.1971) (motion filed thirty months after judgment entered). Thus, the trial court should not have dismissed the defendant's Rule 60(b) motion simply because the defendant did not file it within one year after entry of the default judgment.

■ If the underlying judgment is void for lack of personal or subject matter jurisdiction or because entry of the order violated due process, the district court must grant relief. *Textile Banking Co., Inc. v. Rentschler,* 657 F.2d 844, 850 (7th Cir.1981). *See also V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 224 n. 8 (10th Cir.1979); *In re Four Seasons Securities Laws Litigation,* 502 F.2d 834 (10th Cir.), *cert. denied sub nom. Ohio v. Arthur Andersen & Co.,* 419 U.S. 1034, 95 S.Ct. 516, 42 L.Ed.2d 309 (1974). Here, the trial court denied the motion without considering the defendant's contention that the default judgment was void pursuant to Rule 60(b)(4) for lack of personal jurisdiction. The record does not reveal whether the complaint was served on the defendant. The district court docket sheet indicates that Rhonda Haislip received service by certified mail. Since she is not the named defendant, the court should have determined whether she was authorized to accept service of the complaint for the defendant. *See Hicklin v. Edwards,* 226 F.2d 410, 413 (8th Cir.1955) (default judgment subject to attack as void for failure to serve the defendant). Moreover, nothing in the record establishes that minimum contacts sufficient to support personal jurisdiction

existed between the defendant, a Texas resident, and the state of Oklahoma. *See Leney v. Plum Grove Bank,* 670 F.2d 878 (10th Cir.1982).

■ In addition, a court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation. *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir.1979); *Eisler v. Stritzler,* 535 F.2d 148, 153–54 (1st Cir.1976); *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir.1974). Also, a court may not award attorney's fees without holding a hearing to determine the amount. *Davis v. National Mortgage Corp.,* 320 F.2d 90 (2d Cir.1963).

■ In the instant case, the plaintiff sought money damages and the return of race horse registration papers. The plaintiff allegedly had loaned his horses and papers to the defendant. The defendant allegedly had returned the horses but not the papers. The trial judge entered a default judgment for $90,000 plus costs and attorney's fees and ordered the return of the papers. Of the $90,000 in damages awarded, apparently $15,000 was for the plaintiff's losses because he was unable to sell two horses without the registration papers. The rest allegedly resulted from the plaintiff's inability to race the horses without the papers. Nothing in the record supports either of these damage figures or the award of $2500 in attorney's fees.

We hold that the defendant is entitled to an evidentiary hearing on his motion to vacate the default judgment. The district court's order denying the defendant's Rule 60(b) motion is vacated and the cause is

representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is

based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. . . ."

remanded for further proceedings consistent with this opinion.

VACATED and REMANDED.