H.B. HUNT and Lola N. Hunt, Plaintiffs-Appellees,

v.

INTER–GLOBE ENERGY, INC., Defendant,

John A. Corrente, Defendant-Appellant,

Forest N. Simon, Defendant, Third-Party Plaintiff,

Glenda Perry Simon, Third-Party Defendant.

No. 84–2687.

United States Court of Appeals, Tenth Circuit.

Aug. 9, 1985.

---

John A. Corrente, pro se.

John C. Condren, Palmer, Wilson, Condren, Keirsey & Harper, Oklahoma City, for plaintiffs-appellees.

* The Honorable Bobby R. Baldock, United States District Judge for the District of New Mexico, sitting by designation.

Before LOGAN and MOORE, Circuit Judges, and BALDOCK, District Judge.*

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court denying defendant John A. Corrente's motion to vacate a default judgment. On April 1, 1983, plaintiffs H.B. Hunt and Lola N. Hunt filed an action in the United States District Court for the Western District of Oklahoma against defendants Inter-Globe Energy, Inc. (an Oklahoma corporation), John A. Corrente, and Forest N. Simon. Plaintiffs asserted that these defendants engaged in common law fraud and various breaches of state and federal securities laws including, in particular, violation of § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.-10b-5. These alleged violations occurred in connection with plaintiffs' purchase of fractional working interests in oil and gas leases from defendants.

Plaintiffs were unable to serve the summons and complaint upon Corrente, despite their diligent efforts. Consequently, the district court authorized service by publication. When Corrente failed to plead or otherwise defend, the clerk of the district court entered a default judgment pursuant to Fed.R.Civ.P. 55(a). The district court subsequently entered default judgment for plaintiffs against Corrente for the amounts sought in their complaint: plaintiffs' investment of $30,000 plus interest, attorney's fees, court expenses, and punitive damages in the amount of $300,000. Defendant Simon was served and defended the case asserted against him. In March 1984, after trial, a jury awarded plaintiffs $30,000 actual damages, but no punitive

damages, against Simon on the Rule 10b–5 claim.

In September 1984, Corrente filed the motion to vacate judgment that is the subject of this appeal. Corrente argued that the default judgment rendered against him was void, apparently seeking relief under Fed.R.Civ.P. 60(b)(4).

In the district court Corrente raised three challenges to service by publication: (1) that plaintiffs were required to serve him personally by reason of the provisions of 15 U.S.C. §§ 77v(a) and 78aa; (2) that plaintiffs improperly relied on state law to obtain service by publication; and (3) that plaintiffs failed to exercise due diligence in attempting to obtain service of process. Finally, Corrente argued that the default judgment should not have been entered against him until the matter had been adjudicated with regard to all defendants.

■ Service of process by publication was proper in this case. Fed.R.Civ.P. 4(c)(2)(C)(i) provides that service may be obtained pursuant to the law of the state in which the district court is held. Oklahoma law permits service by publication provided that plaintiff satisfies the procedural rules set forth in Okla.Stat.Ann. tit. 12, § 170.6 (1978) (repealed Nov. 1, 1984) (revised version appears at Okla.Stat.Ann. tit. 12, § 2004). Plaintiffs made an adequate showing of due diligence in their attempts to serve process upon Corrente. The procedural steps outlined under Oklahoma law were carefully followed. *See* Okla.Stat. tit. 12, §§ 170.6, 173, and 174 (1978) (repealed). Corrente's first three arguments are without merit.

Corrente's final argument requires greater attention in light of the case of *Frow v. DeLaVega,* 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872). The general rule of *Frow* is described as follows: "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2690, at 455–56 (1983).

In *Frow,* the plaintiff brought an action against Frow and thirteen other defendants, charging eight of them, including Frow, with a joint conspiracy to defraud the plaintiff out of a tract of land. 82 U.S. at 553. Frow failed to answer timely, and a decree *pro confesso* was taken against him. The district court subsequently entered a final decree adjudging the title of the land to be in the plaintiff and awarding a permanent injunction against defendant Frow. After the entry of the final decree against Frow, the court proceeded to try the case and decided the merits of the cause adversely to plaintiff and dismissed the complaint. *Id.* at 554.

On appeal, the Supreme Court reversed the default judgment against Frow, concluding that when multiple defendants are alleged to be jointly liable and fewer than all defendants default, the district court may not render a liability determination as to the defaulting parties unless and until the remaining defendants are found liable on the merits. *Id.* at 554. This result avoids inconsistent liability determinations among joint tortfeasors.

Several modern cases have recognized and applied the rule of consistency established by *Frow. See, e.g., United States v. Peerless Insurance Co.,* 374 F.2d 942, 944–45 (4th Cir.1967) (joint and several liability); *Exquisite Form Industries Inc. v. Exquisite Fabrics of London,* 378 F.Supp. 403, 416 (S.D.N.Y.1974) (joint liability).

Plaintiffs contest *Frow*'s applicability when, as here, multiple defendants are allegedly jointly and *severally* liable. One circuit has rejected *Frow*'s relevance in such a situation. *See In re Uranium Antitrust Litigation,* 617 F.2d 1248, 1256–58 (7th Cir.1980). But that same case held that while *severally* liable parties could be subjected to independent default judgments, because they were *jointly* liable for damages there could be no differing damage awards:

"Just as the several or independent nature of plaintiff's claim permits different

findings as to liability of individual defendants, the joint nature of plaintiffs' claim prohibits different findings as to damages against all defendants.

. . . . .

[Plaintiff's argument that judgments in differing amounts are permissible] ignores the fact that those defendants ultimately found liable are jointly liable for the entire damage award, and that [plaintiff] could look to any one defendant for full satisfaction of the damage award.

[Plaintiff] may not split its claim and proceed to damages against the defaulters and then proceed to a separate damages award against the answering defendants. [Plaintiff] has chosen to initiate a single claim involving joint liability. That claim must be concluded just as it began—as one action."

617 F.2d at 1262 (footnote omitted).

■ Whether or not *Frow* is controlling, we agree with the Seventh Circuit that just as consistent verdict determinations are essential among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors. *See Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1324 (7th Cir.1983). Otherwise, plaintiffs armed with joint and several liability on a single claim could seek to execute on a larger damage award from a party against whom the court awarded a much smaller damage verdict—the situation that occurred here.

■ Further, we have held that a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir.1983). Similarly, attorney's fees may not be awarded without a hearing to determine the amount. *Id.* Fed.R.Civ.P. 55(b) provides that "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages." Here the record is devoid of any indication that the court conducted such a hearing.

We reverse the district court's judgment denying vacation of default and remand with instructions to reduce the default judgment to an amount consistent with the adjudication of liability and damages against defendant Simon. The court should determine the attorney's fees and recoverable expenses, other than court costs, only after a Rule 55(b) hearing.

REVERSED AND REMANDED.