Paul M. THIEM and Michael P. Thiem, a minor, and Paul M. Thiem, his guardian, Plaintiffs,

v.

William SIGLER, a/k/a Samuel William Sigler; James R. Stephens; and Joseph A. Geraci, III, Defendants.

Civ. A. No. 84–1737.

United States District Court, W.D. Pennsylvania.

Dec. 9, 1985.

Marten R. Jenkins, Pittsburgh, Pa., for plaintiffs.

David L. McClenahan, Pittsburgh, Pa., for Sigler.

## MEMORANDUM OPINION

BLOCH, District Judge.

Plaintiffs Paul M. Thiem and Michael P. Thiem, a minor, filed a seven count complaint against the defendants alleging federal and state securities violations and a violation of the Racketeer Influence and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.* The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Presently before the Court is plaintiffs' counsel's petition for attorney's fees

and costs pursuant to RICO, 18 U.S.C. § 1964(c).[1]

## I. Background

In their complaint, plaintiffs allege that Paul M. Thiem (Thiem), acting upon the advice of Sigler, an account executive at Multi-Vest Securities, Inc. (Multi-Vest), a securities brokerage firm specializing in tax-free securities located in New York City, purchased three Washington State Public Power System Project (WSPPSP) bonds and one Michigan State Finance Hospital Authority (MSFHA) bond for a total of $21,377.86 on July 14, 1982. Defendant Stephens and Geraci were controlling persons with respect to Sigler's activities. Further, the defendants knew that the WSPPSP bonds were high-risk securities and unsuitable for purchase by Thiem and his son, and further Sigler frauduently induced Thiem to sell to Multi-Vest the MSFHA bond and to purchase a Highland Park Michigan Hospital Finance Authority Bond. No answer or other appearance having been entered by the defendants, on March 26, 1985, the Clerk of Court for the United States District Court for the Western District of Pennsylvania entered a default judgment against the defendants. The Court held an evidentiary hearing on May 22, 1985 for the purpose of determining damages.

On the day of the hearing, counsel for defendant Sigler appeared. Subsequently, plaintiffs and Sigler entered into a settlement and Sigler was voluntarily dismissed from the case without prejudice. (Docket entry Nos. 12 and 13).

On September 10, 1985, the Court, in accordance with its factfindings and conclusions of law, ordered that judgment be entered in favor of plaintiffs and against defendants James R. Stephens and Joseph A. Geraci, III, in the amount of $18,592.55.[2]

Plaintiff's counsel seeks attorney's fees in the amount of $6,810 and expenses in the amount of $383.28 for a total of $7,193.28. Counsel submits that he has expended 90.8 hours and has charged plaintiffs his customary fee of $75 per hour.

## II. Attorney's Fees

█ The fee award terms of RICO are borrowed from the Clayton Act, 15 U.S.C. § 15(a).[3] *Aetna Casualty and Surety*

1. The Court is aware that in *Hunt v. Inter-Globe Energy, Inc.,* 770 F.2d 145, 148 (10th Cir.1985), the Tenth Circuit held that in a default judgment action, the court should not merely award attorney's fees but should hold a hearing to determine the appropriate amount. Since plaintiffs' counsel has submitted documentation supporting his entitlement to the fee award, the Court does not see the need for a hearing in this case. Further, although plaintiffs' counsel's petition for attorney's fees is unopposed, this does not curtail the Court's ability to determine the reasonableness of the fee. In *Ranco Industrial Products Corp. v. Edward B. Dunlap,* 776 F.2d 1135, 1140 (3d Cir.1985), the Third Circuit emphasized that even in the absence of "evidentiary assistance," the district court can rely on its own experience and arrive at a sum which it believes to be reasonable on the state of the record before it.

2. The Court calculated damages in the amount of $8,380.85 which were trebled pursuant to RICO, 18 U.S.C. § 1964(c), for a total of $25,142.55. Plaintiffs stated that the judgment should be reduced by defendant Sigler's settlement and payment of $6,560. The terms of the settlement provided that plaintiffs' counsel was to receive costs of $343.20 and counsel's fees of

$1,950 with the remainder to plaintiffs. (Docket entry No. 12).

3. That section provides in pertinent part: "Any person who shall be injured in his business or property by reason of any thing forbidden in the antitrust laws ... shall recover threefold the damages by him sustained and the costs of suit, including a reasonable attorney's fee." The analogous RICO section provides in pertinent part: "Any person injured in his business or property by reason of a violation of section 1962 ... shall recover threefold the damages he sustained and the cost of suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c).

In *Aetna Casualty and Surety Company v. Liebowitz,* 730 F.2d 905, 906–07 (2nd Cir.1984), the Second Circuit held that RICO permits an attorney's fee to be awarded to a plaintiff who obtains a judgment for damages *on the merits.* Therefore, attorney's fees are not recoverable when a party obtains injunctive relief or settles its claim. A default judgment constitutes a judgment on the merits when entered by a court having jurisdiction over the parties and subject matter of the suit. *Kapp v. Naturelle,* 611 F.2d 703, 707 (8th Cir.1979); 1B Moore's Federal Practice ¶ .409[4] at 324 (2nd ed. 1984). Subject

Company v. Liebowitz, supra. In *Pitchford v. Pepi, Inc.*, 531 F.2d 92, 109–110 (3d Cir.1976), the Third Circuit held that the rules and standards governing attorney's fee awards under the Clayton Act are those set forth in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator and Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973) (*Lindy I*) and *Lindy Bros. Builders of Philadelphia v. American Radiator and Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir.1976) (*en banc*) (*Lindy II*). In *Lindy I* and *Lindy II*, the Third Circuit held that the district court in considering a request for attorney's fees pursuant to an agreement or statute must first determine if the fee is reasonable. *Lindy I*, 487 F.2d at 167. A reasonable fee, the so-called "lodestar," is computed by multiplying the number of service hours expended by each attorney by a reasonable rate of compensation, usually an hourly billing rate. *Id.; Lindy II*, 540 F.2d at 108. The district court must then consider the contingent nature of success and quality of the attorney's work as two additional criteria before making a final determination of the attorney's fee award. *Lindy I*, 487 F.2d at 168–169; *Lindy II*, 540 F.2d at 116–118.

■ The Court has disallowed 3.6 hours for entries marked "Misc." since counsel's description of the work performed is inadequate. In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court emphasized that it is the moving party's burden to document and establish its entitlement to the fee. *See Silberman v. Bogle*, 683 F.2d 62, 66 (3d Cir.1982).

■ The Court has also disallowed 21.5 hours for entries of fees sought regarding plaintiffs' claim and settlement with defendant Sigler. In *Pawlak v. Greenawalt*,

713 F.2d 972, 979 (3d Cir.1983), the Third Circuit held that in attorney's fee petitions involving various defendants, the district court must allocate the time chargeable to each defendant. Further, in *Baughman v. Wilson*, 583 F.2d 1208, 1214 (3d Cir.1978), the Court of Appeals for the Third Circuit stated: "We do not believe that a defendant may be required to compensate a plaintiff for attorney hours devoted to the case against other defendants who settle or who are found not to be liable." Further, hours chargeable to the claims against other defendants are chargeable to a specific defendant if "plaintiff can establish that such hours also were fairly devoted to the prosecution of the claim" against that specific defendant. *Id.* at 1215. The Court has reviewed all of the entries regarding defendant Sigler and finds that those attorney's fees were incurred in settling the claim against defendant Sigler, rather than prosecuting the claims against all the defendants. Accordingly, the Court has disallowed those hours. Similarly, the Court has disallowed $343.20 in costs sought since the Court has in accordance with plaintiffs' and defendant Sigler's agreement ordered defendant Sigler to pay those costs. Therefore, plaintiffs are entitled to $40.08 in costs.

Although plaintiffs' counsel estimates that the hearing on damages took 4 hours, the Court's records indicate 2 hours. (*See* docket entry No. 9). Accordingly, the Court will allow 2 hours for counsel's attendance at the hearing.

To summarize, of the 90.8 hours requested, the Court has found 63.7 hours at $75 per hour, counsel's customary fee, to be reasonable. This results in an award of $4,777.50 and $40.08 for costs and expenses.

matter jurisdiction is proper in this case pursuant to 28 U.S.C. §§ 1331 and 1332. The defense of lack of personal jurisdiction is waived if not raised. Fed.R.Civ.P. 12(h)(1). In most cases, where there has been a challenge to personal jurisdiction, the Court should allow discovery on the issue before it determines the merit of the claim. *Nehemiah v. Athletics Congress of USA*, 765 F.2d 42, 48 (3d Cir.1985). Further, the

Court believes that the issue of personal jurisdiction does not bar the award of attorney's fees in this case, but is more properly grounds for a motion pursuant to Fed.R.Civ.P. 60(b)(4) to vacate a default judgment. *Williams v. New Orleans Public Service, Inc.*, 728 F.2d 730, 735 (5th Cir.1984); *Marshall v. Board of Education, Bergenfield, N.J.*, 575 F.2d 417, 421–23 (3d Cir. 1978).

In statutory fee cases, it is within the district court's discretion to make further adjustments in the lodestar to insure the reasonableness of the fee in light of the substantive goals behind the applicable statute. *Baughman v. Wilson,* 583 F.2d at 1219. The Court deems that the lodestar figure is reasonable under the circumstances and makes no further adjustment to the same.

An appropriate Order will be issued.