16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Yvette HELD; Alfred Held, Plaintiff-Appellees,
v.
SHELTER SYSTEMS GROUP CORPORATION, doing business as
Colorado Shelter Systems, a Delaware corporation,
Defendant-Appellant.
 No. 93-1225.
 United States Court of Appeals, Tenth Circuit.
 Feb. 15, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant appeals from the district court's entry of default judgment in favor of plaintiffs. Plaintiffs filed suit against defendant alleging age discrimination pursuant to the Age Discrimination and Employment Act, and outrageous conduct pursuant to state law. Plaintiffs filed a motion for sanctions, specifically requesting entry of default, based on, among other things, defendant's failure to comply with the magistrate's order that a representative of defendant with full settlement authority appear in person at certain settlement conferences. Before the district court ruled on that motion, defendant failed to appear at the scheduled pretrial conference. Two days before the pretrial conference, defendant's counsel sent a letter to the district court via Federal Express stating, among other things, that defendant had retained separate bankruptcy counsel, defendant had specifically instructed that counsel was not authorized to attend the pretrial conference, and defendant's financial condition prevented it from fully defending itself.
 
 
 4
 The district court held the scheduled pretrial conference, acknowledging receipt of counsel's letter and finding that defendant was in default for failing "to comply with the Court orders that they be present for this final status conference, and to be prepared for the trial." Appellants' App. at 70a. On that same day, the district court entered default judgment against defendant awarding damages and attorneys' fees in excess of one and one-half million dollars. No hearing was held regarding the default judgment.
 
 
 5
 We review the district court's entry of default judgment for an abuse of discretion, considering the totality of the circumstances. Rains v. Ruplinger (In re Rains), 946 F.2d 731, 732 (10th Cir.1991); see also Ikerd v. Lacy, 852 F.2d 1256, 1258 (10th Cir.1988). "[C]onsiderable deference is given the trial judge's determination regarding the default judgment since he is the person most familiar with the circumstances of the case and, thus, is in the best position to evaluate the good faith and credibility of the parties at the hearings." Nikwei v. Ross Sch. of Aviation, Inc., 822 F.2d 939, 941 (10th Cir.1987). We will find an abuse of discretion only if we are left with " 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " In re Rains, 946 F.2d at 732 (quoting United States v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir.1980)).
 
 
 6
 "[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir.1985); see also Venable v. Haislip, 721 F.2d 297, 300 (10th Cir.1983). Further, attorney fees may not be awarded absent a hearing to determine the amount. Hunt, 770 F.2d at 148; Venable, 721 F.2d at 300. The district court erred in awarding damages and attorney's fees without first holding a hearing, and we must reverse and remand so that a hearing can be held. In addition to the remand for a hearing on the amount of damages, we must also remand for further findings regarding the appropriateness of the entry of default as a sanction, for reasons set forth below.
 
 
 7
 Default judgment is a harsh sanction that will apply only if the failure to comply with court orders is the result of " 'willfulness, bad faith, or [some] fault of petitioner' rather than inability to comply." M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir.1987) (quoting National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640 (1976)). In addition, default judgment is appropriate only where lesser sanctions have been considered and found inappropriate. In re Rains, 946 F.2d at 733-34; see also Meade v. Grubbs, 841 F.2d 1512, 1520 (10th Cir.1988).
 
 
 8
 The district court in this case made no findings as to defendant's willfulness, nor is there any indication that the district court considered lesser sanctions. In light of these omissions, we are unable to determine whether the district court abused its discretion. We, therefore, remand this case to the district court in order that the findings and considerations necessary for appellate review can be made. Specifically, the district court should consider whether defendant's claims of financial hardship render it unable to comply with the court's order, or whether its noncompliance was the result of willfulness, bad faith, or some fault of defendant. Additionally, the district court should consider lesser sanctions and, to the extent such sanctions are rejected, indicate why it found sanctions short of default inappropriate.
 
 
 9
 The judgment of the United States District Court for the District of Colorado is REVERSED and REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470