**BP PRODUCTS NORTH AMERICA, INC., as successor in interest to Amoco Oil Company, Plaintiff,**

v.

**Owais A. DAGRA, Defendant.**

**No. CIV.A. 3:04CV445–HEH.**

United States District Court, E.D. Virginia, Richmond Division.

May 31, 2006.

See also 232 F.R.D. 263.

Carl Frederick Lettow, II, Joseph T. Casey, Jr., Kelley Drye & Warren LLP, Vienna, VA, for Plaintiffs.

## MEMORANDUM OPINION

HUDSON, District Judge.

THIS MATTER is before the Court on Plaintiff BP Products North America, Inc.'s ("Plaintiff") Motion for Approval of Alternative Service. Plaintiff moves, pursuant to Federal Rule of Civil Procedure 4(f)(3), to serve Defendant Owais Dagra ("Defendant"), who is believed to reside in Pakistan, through publication in two Pakistani newspapers. To date, there has been no response filed. The court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court. For the following reasons, Plaintiff's motion is granted.

### I. Background

Defendant is a businessman who previously owned several businesses in Virginia, but is believed currently to reside somewhere in Pakistan. In this case, Plaintiff seeks to enforce the Defendant's personal guarantee of over $12 million in defaulted business loans. After extensive efforts over the past two years, Plaintiff has only been able to learn that Defendant may be residing somewhere in Karachi, Pakistan.

As noted in previous opinions in this case, the Court has no doubt that the Defendant is willfully evading the service of process. Both the United States and Pakistan are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, November 15, 1965, 20 U.S.T. 361 (the "Hague Convention"). Plaintiff has made numerous attempts to serve Defendant under the terms of the Hague Convention, but Plaintiff's efforts have failed to reveal Defendant's current whereabouts. The Hague Convention does not apply in cases where the address of the foreign party to be served is unknown. 20 U.S.T. 361 (U.S.T.1969). Therefore, Plaintiff, with permission of this Court, attempted alternative service on Defendant's local attorney who was representing Defen-

dant on another matter. All of these attempts were to no avail, and Plaintiff is seeking the Court's assistance. Through this Motion for Alternative Service pursuant to Rule 4(f)(3), Plaintiff seeks entry of an Order approving alternative service upon the Defendant by publication of the notice in two Pakistani newspapers circulated in Defendant's last-known location.

### II. Discussion

■ Rule 4(f) governs service of process upon individuals in foreign countries and provides three mechanisms of service:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice: . . . or

(3) by other means not prohibited by international agreement as may be directed by the court.

Fed.R.Civ.P. 4(f). Since the Hague Convention does not apply when a defendant's address is unknown and the attempts at service have been futile, the third method under 4(f)(3) is applicable. In this case, Plaintiff requests that the Court order alternative service by publication of notice in two Pakistani newspapers circulated in Defendant's last-known location.

■ The Court is afforded wide discretion in ordering service of process under Rule 4(f)(3), which "provides the Court with . . . flexibility and discretion . . . empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case." *In re International Telemedia Assoc., Inc.,* 245 B.R. 713, 719 (Bankr.N.D.Ga.2000)(granting Rule 4(f)(3) motion approving service to defendant's last-known email address). When exercising that discretion courts "should indeed make 'an

earnest effort ... to devise a method of communication that is consistent with due process and minimizes offense to foreign law.'" *Export–Import Bank of the United States v. Asia Pulp and Paper Co.,* 2005 WL 1123755, 2005 U.S. Dist. LEXIS 8902 (S.D.N.Y.2005)(quoting Fed.R.Civ.P. 4, advisory committee's note, 1993 amendment). In order to fulfill due process requirements under Rule 4(f)(3), the Court must approve a method of service that is "reasonably calculated, under all the circumstances" to give notice to defendant. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950).

Federal courts have recognized the validity of service by publication where other means have failed. "Where the plaintiff can show that deliberate avoidance and obstruction by the defendant[ has] made the giving of notice impossible, statutes and case law have allowed substitute notice by mail and by publication in media of general and wide circulation." *S.E.C. v. Tome,* 833 F.2d 1086, 1092 (2d Cir.1987). *See, Standard Oil Co. v. New Jersey,* 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078 (1951); *Miller v. Tony & Susan Alamo Found.,* 924 F.2d 143 (8th Cir.1991); *Hunt v. Inter–Globe Energy, Inc.,* 770 F.2d 145 (10th Cir.1985); *Senior Loiza Corp. v. Vento Development Corp.,* 760 F.2d 20 (1st Cir.1985). Service by publication for a defendant in a foreign country when his exact whereabouts are unknown has also been recognized. As noted by Plaintiff in its Memorandum in Support of Plaintiff's Motion, the Second Circuit upheld service of process by publication to defendants in a foreign country under the predecessor to Rule 4(f)(3) in *S.E.C. v. Tome,* 833 F.2d 1086 (2d Cir.1987). The court noted the difficulties the S.E.C. had in serving process on the defendants and held that publication of the complaint and summons in the *International Herald Tribune* was an appropriate alternative means. *Id.* at 1091–93. The court stressed that the case was high-profile and would be known by members of the securities industry, such as the defendants. *Id.* at 1093. The court distinguished the case from those "cases where notice was published in a small regional newspaper or

the advertisement contained nothing which would draw a party's attention to it." *Id.*

The court in *Blum v. Koch,* 716 F.Supp. 754 (S.D.N.Y.1989), noted the holding in *S.E.C. v. Tome* and distinguished the facts in the case before it. The court asserted that the city's out-of-state scofflaw program under which plaintiff lost his vehicle was not well-publicized as the S.E.C. investigation in *Tome* had been, and there was only a single mailed request to determine his identity, unlike the thorough investigation in *Tome. Id.* at 764. The court denied the plaintiff's motion for summary judgment stating there was a question of material fact whether notice by publication was adequate.

The District Court for the Southern District of New York partially relied on the decision in *S.E.C. v. Tome* when it authorized service by foreign publication to defendants Osama Bin Laden and al Qaeda. *Smith v. Islamic Emirate of Afghanistan,* 2001 WL 1658211, 2001 U.S. Dist. LEXIS 21712. Plaintiffs brought an action against Bin Laden and al Qaeda for their alleged involvement in the terrorist attacks on September 11, 2001. The defendants' whereabouts were unknown and service by any other means was impossible. *Id.* The court noted the impracticality of service by traditional means. *Id.* The court also stressed that the defendants would be on notice that a suit was likely to be brought in the jurisdiction in which the terrorist attack had occurred. *Id.*

From the limited case law in the area, it is clear that service by publication to a defendant in a foreign country is an acceptable alternative means under 4(f)(3), so long as diligent attempts have been made to locate the defendant and serve process by traditional means, and the publication is one that likely would reach the defendant. Additionally, courts in previous cases have noted the importance of the defendant possessing some knowledge that he might be subject to a suit. *See Tome,* 833 F.2d at 1093; *Smith v. Islamic Emirate of Afghanistan,* 2001 WL 1658211, 2001 U.S. Dist. LEXIS 21712; and *Blum,* 716 F.Supp. at 764. In the case at hand, Plaintiff has attempted service twice under the Hague Convention, hired an investigative services firm in Pakistan that was

unable to locate Defendant, and attempted to serve Defendant through his local counsel. Notice by mail is impossible in this case, since the Defendant's exact whereabouts are unknown. Plaintiff proposes publishing notice in two newspapers with wide circulation throughout Pakistan: the *Daily Jang,* which is published in Urdu, and the *Dawn,* which is published in English. Since Defendant operated a multi-million dollar business in the United States and personally guaranteed Promissory Notes for millions of dollars, which he is aware are currently in default, he would be on notice that he might be the subject of a lawsuit concerning his business. In addition, his business experience in the United States demonstrates that Defendant should be readily able to understand a notice in English. While publication should be in both the Urdu and the English newspapers to increase the likelihood Defendant will see it, the notice can be published in English since there is ample evidence Defendant could understand it. A notice printed in English in general-subject newspapers with wide circulation in the area of his last-known whereabouts is reasonably calculated to give Defendant specific notice of the pending action.

### III. Conclusion

Accordingly, the Court deems that an acceptable method of service on Defendant shall be publication in English in the Pakistani newspapers *Daily Jang* and the *Dawn* once a week for four weeks in the form dictated by Section 8.01–317 of the Code of Virginia (2000). Such service is reasonably calculated to provide Defendant with sufficient notice of this action. Fed.R.Civ.P. 4(f). Thus, Plaintiff's Motion for Approval of Alternative Service is granted.

An appropriate Order shall accompany this Memorandum Opinion.

### ORDER

THIS MATTER is before the Court on Plaintiff BP Products North America Inc.'s ("Plaintiff") Motion for Approval of Alternative Service. For the reasons set forth in the accompanying Memorandum Opinion, Plaintiff's motion is GRANTED.

Plaintiff is ORDERED to serve process by publication in the Pakistani newspapers *Daily Jang* and the *Dawn* once a week for four weeks in the form dictated by Section 8.01–317 of the Code of Virginia (2000).

The Clerk is directed to send a copy of the Memorandum Opinion and Order to all counsel of record.

It is so ORDERED.