GENERAL STEEL DOMESTIC SALES, LLC, a Colorado limited liability company, doing business as General Steel Corporation, Plaintiff,

v.

Ethan Daniel CHUMLEY, individually; Atlantic Building Systems, LLC, a Delaware corporation, doing business as Armstrong Steel Corporation; Gottfrid Swartholm, individually; and PRQ Internet Kommanditbolag (Limited Partnership), doing business as PRQ Inet KB, Defendants.

Civil Action No. 13–cv–00769–MSK–KMT

United States District Court,
D. Colorado.

Signed September 9, 2014

Adam Ross Bialek, Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY, Henry L. Solano, Wilson Elser Moskowitz Edelman & Dicker, LLP, Denver, CO, Patrick Donald Frye, David Samuel Fein, Littleton, CO, for Plaintiff.

Craig Ruvel May, Hugh Q. Gottschalk, Kenneth Edward Stalzer, Wheeler Trigg O'Donnell, LLP, John Mark Baird, Baird Quinn, LLC, Paul Matthew Grant, Goodreid Grant & Kuhn, LLC, Denver, CO, Peter C. Lemire, Leyendecker & Lemire, LLC, Greenwood Village, CO, for Defendants.

## OPINION AND ORDER ADOPTING RECOMMENDATION AND DENYING MOTION FOR DEFAULT JUDGMENT

Marcia S. Krieger, Chief United States District Judge

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation (# 335) to deny the "Motion for Default Judgment Against Defendants PRQ and Swartholm" (# 108) filed by the Plaintiff General Steel Domestic Sales, LLC ("General Steel"). General Steel filed a timely Objection (# 357).

### ISSUES PRESENTED

As relevant to the instant motion, General Steel asserts a claim for False Advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), against PRQ Internet Kommanditbolag (Limited Partnership) d/b/a PRQ Inet KB ("PRQ"), Mr. Swartholm, Mr. Chumley, and Atlantic Building Systems, LLC d/b/a Armstrong Steel Corporation ("Armstrong Steel").

PRQ and Mr. Swartholm were personally served with the Summons and Complaint in this action on April 4, 2013. They failed to respond and the Clerk entered default against both PRQ and Mr. Swartholm on July 11, 2013.

General Steel moves for an entry of default judgment against PRQ and Mr. Swartholm. The matter was referred to the Magistrate Judge, who concluded that entry of default judgment is inappropriate until liability of the nondefaulting parties is determined.

### FACTS

General Steel asserts that the Defendants created websites containing "significantly false, misleading, and defamatory content about General Steel and its employees" for the purpose of attacking General Steel's business. The domain name of the first website—www.generalsteelscam.com—was transferred to General Steel after a World Intellectual Property Organization ("WIPO") decision concluding that Mr. Chumley used the website in bad faith. General Steel alleges that, after the WIPO decision, a new website was created with nearly identical content using the domain name www.steel buildingscomplaints.com.

Mr. Swartholm is the managing partner of PRQ, which is a company that provides web hosting services. PRQ and Mr. Swartholm are the Registrants of www.steelbuildings complaints.com and were previously the Registrants of www.generalsteelscam.com.

General Steel asserts that "[t]he registration, establishment and maintenance of these websites were acts taken as a direct result of one or more agreement(s) among all Defendants to undertake false advertising against General Steel." In addition, General Steel alleges that "PRQ and [Mr.] Swartholm are acting as agents of [Mr.] Chumley and Armstrong Steel, and in concert with [Mr.] Chumley and Armstrong Steel" to host these websites.

General Steel seeks injunctive relief against all of the Defendants and seeks an

award of damages from Mr. Chumley and Armstrong Steel.

## STANDARD OF REVIEW

■ When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court reviews *de novo* determination those portions of the recommendation to which a timely and specific objection is made. *See U.S. v. One Parcel of Real Prop. Known as: 2121 E. 30th St.,* 73 F.3d 1057, 1060 (10th Cir.1996).

## ANALYSIS

General Steel objects to the Magistrate Judge's Recommendation on the grounds that the Magistrate Judge erred in relying on *Frow v. De La Vega,* 82 U.S. 552, 15 Wall. 552, 21 L.Ed. 60 (1872), to conclude that the Motion for Default Judgment is not ripe. Specifically, General Steel argues that the facts of this case are distinguishable and "this case is not one in which the Plaintiff seeks recovery that could be joint, or joint and several, as among the defaulting and non-defaulting Defendants." In other words, General Steel asserts that the Court can enter default judgment against PRQ and Mr. Swartholm without resolving the claims against the remaining codefendants because there is no risk of inconsistent judgments where General Steel does not seek monetary damages from the defaulting defendants. Accordingly, the Court reviews this portion of the Magistrate Judge's Recommendation *de novo.*

■ A party is in default if it fails to appear or otherwise defend. Fed. R. Civ. P. 55. However, a party's default is not necessarily sufficient to entitle a plaintiff to an entry of default judgment. *See Bixler v. Foster,* 596 F.3d 751, 762 (10th Cir.2010).

Instead, "[o]nce default is entered, 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action.'"[1] *See id.* (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed.1998)). When one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted. *See Hunt v. Inter–Globe Energy, Inc.,* 770 F.2d 145, 147 (10th Cir.1985) (quoting 10C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2690, at 455–56 (1983)). Otherwise, a court might enter contradictory judgments resulting in an "absurdity" because, for example, "there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded." *See Frow,* 82 U.S. at 554.

■ General Steel argues that this rule exists only to prevent inconsistent damage awards, not inconsistent judgments. Accordingly, in its view, the reasoning of *Frow* does not apply to a situation, as here, where the plaintiff does not seek an award of damages from the defaulting defendants. In other words, General Steel argues that an entry of default is appropriate against PRQ and Mr. Swartholm because General Steel does not seek an award of damages against them.

Although the Tenth Circuit in *Hunt* focused on the problem posed by inconsistent monetary awards, it is clear from the opinion that inconsistent determinations of liability among codefendants are also disfavored. Specifically, the Tenth Circuit concluded that "just as *consistent verdict determinations are essential* among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors." *See Hunt,* 770 F.2d at 148 (emphasis added). This conclusion is consistent with

---

1. Here, General Steel must assert facts that establish the following elements: (i) that PRQ and Mr. Swartholm made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (ii) in commerce; (iii) that are either likely

to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (iv) injury the plaintiff. *Cottrell, Ltd. v. Biotrol Int'l, Inc.,* 191 F.3d 1248, 1252 (10th Cir.1999) (citations omitted).

the analysis used in *Frow,* where multiple defendants were accused of joint fraud. 82 U.S. at 554. There, the Supreme Court reasoned that if the court entered judgment against the defaulting defendants, and the case progressed and resulted in a verdict in favor of the remaining defendants then "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." *Id.* In other words, it would be logically inconsistent to have a court issue one judgment in favor of the plaintiff on his joint fraud claim and another judgment against the plaintiff on the same joint claim.

Here, a similarly incongruous result is possible. General Steel asserts that "[t]he registration, establishment and maintenance of these websites were acts taken as a direct result of *one or more agreement(s) among all Defendants* to undertake false advertising against General Steel" (emphasis added). Thus, if the Court entered default judgment against PRQ and Mr. Swartholm now, but later entered judgment in favor of Armstrong Steel and Mr. Chumley, it would result in logically inconsistent judgments. Accordingly, entry of default judgment against PRQ and Mr. Swartholm should not occur until and unless the claims against the remaining defendants are resolved on the merits.

### CONCLUSION

For the foregoing reasons, General Steel's Objection (# 357) to the Magistrate Judge's Recommendation (# 335) is overruled. The Court **ADOPTS** the Magistrate Judge's Recommendation and **DENIES** General Steel's "Motion for Default Judgment Against Defendant PRQ and Swartholm" (# 108).

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Kathleen M. Tafoya

This case comes before the court on "Plaintiff's Motion for Default Judgment Against Defendants PRQ and Swartholm" [Doc. No. 108] ("Mot.") filed November 18, 2013. "Defendants Ethan Chumley's and At-lantic Building Systems, LLC's Response to Motion for Default Judgment Against Defendants PRQ and Swartholm" ("Chumley Resp.") [Doc. No. 129] was filed on December 12, 2013, and Plaintiff filed its Reply on December 30, 2013 [Doc. No. 140]. Defendants PRQ Internet Kommanditbolag (Limited Partnership) doing business as PRQ INET KB, ("PRQ") and Gottfrid Swartholm, individually, did not file a response.

This case was filed on March 25, 2013, alleging federal jurisdiction pursuant to the Lanham Act, Title 15 U.S.C. § 1125, *et seq.* Both PRQ and Swartholm were personally served on April 4, 2013, at the Marifred Prison outside Stockholm, Sweden with the Summons and Complaint in this action, but have failed to respond within the ninety days allotted by the Federal Rules of Civil Procedure. [Doc. No. 50–1, Ex. A.] The Clerk entered Default against PRQ and Swartholm on July 11, 2013 [Clerk's Entry of Default; Doc. No. 51]. Neither PRQ nor Swartholm responded to the entry of default.

 Default judgment may be entered against a party who fails to appear or otherwise defend. Fed. R. Civ. P. 55. A defendant who fails to answer, plead, or otherwise properly defend an action is deemed to have admitted the factual allegations of the complaint as true. *Brill Gloria Hausund Gartengeräte GmbH v. Sunlawn, Inc.,* Case No. 08–cv–00211–MSK–MEH, 2009 WL 416467, *2 (D.Colo. Feb. 18, 2009.) In addition, the court accepts the undisputed facts set forth in the affidavits and exhibits. *Id.; Deery American Corp. v. Artco Equipment Sales, Inc.,* Case No. 06–cv–01684–EWN–CBS, 2007 WL 437762, at *3 (D.Colo. Feb. 6, 2007). Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment. *Procom Supply, LLC v. Langner,* Case No. 12–cv–00391–MSK–KMT, 2012 WL 4856724, *2 (D.Colo. Oct. 11, 2012); *See McCabe v. Campos,* Case No. 05–cv–00846–RPM–BNB, 2008 WL 576245, at *2 (D.Colo. Feb. 28, 2008.)

 A default is not treated as a confession of liability, and, by failing to respond, a defendant does not concede the plaintiff's

legal conclusions. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir.2010); *Procom Supply* at *3–4. A trial court is vested with broad discretion in deciding whether to enter a default judgment. *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir.1987).

### ANALYSIS

There is only one claim for relief asserted in the Amended Complaint against Defendants PRQ and Swartholm, for False Advertising in violation of Title 15 U.S.C. § 1125(a)(1)(B) (First Claim for Relief). [Doc. No. 101, Am. Compl. at ¶¶ 46–55.] To sustain its claim of false advertising under 15 U.S.C. § 1125(a)(1)(B), Plaintiff must establish that: (1) Defendants (including PRQ and Swartholm along with Chumley and Armstrong Steel) made a false or misleading description of fact or representation of fact in a commercial advertisement about their services; (2) the misrepresentation is material, in that it is likely to influence a consumer's purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) Defendants placed the false or misleading statement in interstate commerce; and (5) Plaintiff has been or is likely to be injured because of Defendants' misrepresentation. *Berken v. Jude*, Case No. 12–cv–02555–RPM, 2013 WL 6152347, at *2 (D.Colo. Nov. 22, 2013) (referencing *Zoller Labs., LLC v. NBTY, Inc.*, 111 Fed.Appx. 978, 982 (10th Cir.2004) (quoting *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 272 (4th Cir.2002) (collecting cases)).

Plaintiff presents the same factual proof as to each of the five elements of the claim with respect to all Defendants, notwithstanding that PRQ and Swartholm, owners of the offending website on which the alleged false advertising appears, are positioned differently than Chumley and Armstrong Steel, alleged creators and posters of the false advertising on the offending website. Plaintiff does, however, now request different remedies applicable to the two sub-groups. Plaintiff's complaint states

53. As a direct and proximate result [of the false advertising], General Steel has been injured and sustained damages as identified herein in amounts to be proven at trial.

54. Plaintiff also seeks trebling of said damages and disgorgement of Defendants' profits.

55. General Steel is also entitled to temporary and/or final injunctions to prevent or restrain further violations.

(Am. Compl., ¶¶ 52–54.)

In spite of the Amended Complaint's request for monetary damages against all four defendants, Plaintiff now asserts that it seeks only injunctive relief against Defendants PRQ and Swartholm in the form of entry of a permanent injunction and an order transferring ownership of the domain www.steelbuildingcomplaints.com to Plaintiff. (Mot. at 9.)

Whether or not default judgment is entered against Defendants PRQ and Swartholm, the false advertising claim will remain applicable to the two non-defaulting defendants, Chumley and Armstrong Steel. Plaintiff has not abandoned its claim for monetary damages and injunctive relief as to those defendants. As a result, Chumley and Armstrong Steel argue that Plaintiff's Motion for Default Judgment is not ripe pursuant to *Frow v. De La Vega*, 82 U.S. 552, 554, 15 Wall. 552, 21 L.Ed. 60 (1972).

The general rule of *Frow* is described as follows: "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *See Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2690, at 455–56 (1983)). In *Frow*, the plaintiff brought an action against Frow and thirteen other defendants, charging eight of them, including Frow, with a joint conspiracy to defraud the plaintiff out of a tract of land. 82 U.S. at 553. Frow failed to answer timely, and a decree *pro confesso*, similar to the default judgment requested by the instant motion, was taken against him. The district court subsequently entered a final decree adjudging the title of the land to be in the

plaintiff and awarding a permanent injunction against defendant Frow. After the entry of the final judgment against Frow, the court proceeded to try the case and decided on the merits that the title of the land should not go to plaintiff and dismissed the complaint with no injunctions as to any of the other defendants. *Id.* at 554. Frow was the only defendant, therefore, who was subject to a permanent injunction which was not upheld on the merits at trial.

Interestingly, in light of the case at bar, *Frow* involved no monetary damages; the award in favor of the plaintiff and against defaulting defendant Frow involved only injunctive relief, just as would be the case here if default judgment were to enter now against PRQ and Swartholm. On appeal, the Supreme Court reversed the default judgment against Frow, concluding that when multiple defendants are alleged to be jointly liable and fewer than all defendants default, the district court may not render a **liability determination** as to the defaulting parties unless and until the remaining defendants are found liable on the merits. *Id.* at 554 (emphasis added). The Tenth Circuit has concluded that the result in *Frow* "avoids inconsistent liability determinations among joint tortfeasors." *Hunt,* 770 F.2d at 147.

Colorado courts in the Tenth Circuit have remained supportive of *Frow* even when damages vary as to the multiple defendants in one claim. In the most recent example, *Benton v. Avedon Engineering, Inc.,* Case No. 10–cv–01899, 2012 WL 2402839, at *1 (D. Colo. June 26, 2012), Senior Judge Richard P. Matsch stated

> [W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Hunt* [ ] at 147 [ ]. The purpose of this rule is "the avoidance of the problem of inconsistent liability determinations among joint defendants." *Travelers Cas. & Sur. Co. of Am. v. Richard E. Gash Elec. Co.,* No. 08–cv–00813–PAB–KLM, 2009 WL 508165, at *3 (D.Colo. Feb. 27, 2009) (citing *Hunt,* 770 F.2d at 147). The *Hunt* rule has been extended to joint

and several liability in tort and contract. (citation omitted).

*Benton,* 2012 WL 2402839 at * 1. As noted by Judge Matsch and contrary to Plaintiff's argument, Frow has not been *limited* to cases where the damages sought from joint tortfeasors are different; instead, Frow was actually *expanded* to include joint and several liability. *See Travelers Cas. & Sur. Co. of America v. Richard E. Gash Elec. Co.,* Case No. 08–cv–00813–PAB–KLM, 2009 WL 508165, at *3 (D.Colo. Feb. 27, 2009) ("[J]ust as consistent verdict determinations are essential among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors.")

Given that Supreme Court and Tenth Circuit case law clearly prohibits entry of default judgment against a joint tortfeasor until the remaining co-defendants have either defaulted themselves or resolved their claims on the merits, Plaintiff's Motion must be denied without prejudice as premature.

**WHEREFORE,** for the foregoing reasons, this court respectfully

**RECOMMENDS** that "Plaintiff's Motion for Default Judgment against Defendants PRQ and Swartholm" [Doc. No. 108] be **DENIED** without prejudice.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego,* 64 F.3d 580, 583 (10th Cir.1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.,* 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections

may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers,* 195 F.3d 573, 579–80 (10th Cir.1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.,* 73 F.3d at 1059–60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.,* 52 F.3d 901, 904 (10th Cir.1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States,* 980 F.2d 1342, 1352 (10th Cir.1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales–Fernandez v. INS,* 418 F.3d 1116, 1122 (10th Cir.2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 11th day of August, 2014.